VAN BRUNT, P. J.:

Judgment reversed and new trial ordered, with costs to plaintiff to abide event.

---

IN THE MATTER OF THE PROBATE OF THE WILL OF ROSALIE FLORANCE, DECEASED.

*Residence of a wife, voluntarily living apart from her husband for twelve years prior to her death — it is not necessarily, for the purposes of the probate of her will, the residence of the husband.*

In an application made to the surrogate of the county of New York by the husband of a decedent to vacate and set aside the decree admitting her will to probate, on the ground that the decedent was a resident of the city of Philadelphia, in the State of Pennsylvania, it appeared that, although no legal separation had taken place between the decedent and her husband, they had lived apart for twelve years, during which time the decedent with her three children had made her home in the city of New York, while her husband remained in the city of Philadelphia, where they had both lived prior to the time of their separation; that during

such twelve years the petitioner had not contributed anything towards the support of his wife or their children, although he had never refused to provide a home for them in the city of Philadelphia.

*Held*, that the decedent was a resident of the State of New York, within .the meaning of the statute in relation to proceedings before the surrogate of that city for the admission to probate of her will.

That the old rule in reference to a married woman's domicile cannot longer prevail in view of the rights which have been conferred upon her by statutory authority.

APPEAL from an order of the surrogate of the county of New York, denying a motion made by the husband of Rosalie Florance, deceased, to vacate or set aside the probate of the will of the deceased or to modify the same, which order was entered April 24, 1889, in said surrogate's office.

*George H. Yeaman*, for the appellants.

*Charles E. Miller*, for the executors, respondents.

*Edward W. Sheldon*, for the United States Trust Company, as trustee under the will.

*Meyer Butzel*, special guardian.

VAN BRUNT, P. J. :

This application is a renewal of one made in June, 1888, pursuant to leave duly given.

It appears from the papers before the learned surrogate that the petitioner and appellant resides in the city of Philadelphia, State of Pennsylvania, and that he was the husband of Rosalie Florance, who died on October 12, 1887, in Europe. That in November, 1887, the last will and testament of said Rosalie was filed for probate with the surrogate of New York, and at the same time a petition was presented alleging that she had been, previous to her death, a resident of the county of New York. A citation was duly issued to and served upon all persons entitled to notice, including the petitioner, to attend the probate of the will. That the petitioner neglected to appear and the said will was admitted to probate and letters testamentary were issued thereon.

The petitioner stated in his petition that he did not attend the probate of the will because he did not suppose that any of his rights

would be affected thereby, and that within a week or so after said probate the petitioner learned that said will had been improperly probated, in that the deceased was not a resident of New York at the time of her death, and he was advised by counsel that steps should be taken to modify and correct said probate. That thereupon, on June 21, 1888, a petition was presented to the Surrogate's Court upon which a citation was issued and such proceedings had, that, in October, 1888, the motion was denied, and that pursuant to leave granted, the petition in question was presented in December, 1888.

It further appeared that the petitioner and said Rosalie were married in the year 1860, in the city of New York, where she was born and had always resided up to the time of her marriage to the petitioner; that the petitioner and his said wife then went to live in Philadelphia, and resided there until 1873, when they broke up housekeeping and resided in various places. In the fall of 1875, the petitioner and his wife finally separated from one another, he making his home in Philadelphia, and she, with three children, in New York, she taking care of and maintaining them. The said Rosalie, from her savings of some property left her, accumulated some $60,000, which comprised her estate at her death.

The petitioner claims that as no legal separation had taken place between them, although they had lived apart for twelve years, the residence of his wife was that of her husband, viz., Pennsylvania, and that, by the laws of said State, he was entitled to share in her estate, which would not be the case were she a resident of New York.

The whole claim of the plaintiff is based upon the old rule that a woman by marriage acquires the domicile of her husband and changes it with him. It is admitted that a wife may procure a separate domicile for purposes of divorce, but it seems to be claimed that such domicile cannot be procured for any other purpose. The old rule in reference to a married woman's domicile cannot, certainly, prevail in view of the rights which are recognized to be hers by the statutes.

The property relations between husband and wife have been entirely changed since the rule in question has obtained, and the reasons for the rule no longer exists. The wife is now a distinct legal entity, having in the disposition of her property all the rights,

and even more than a husband has ever possessed, and the husband has no control whatever over her movements or her disposition of her property. In the case at bar it appears that in 1875 the petitioner and his wife agreed to separate, she to take their children and maintain them. They did separate, he going to Philadelphia and she living in New York, which had been her home before marriage, and supporting their children from her own means. There is no pretense that the petitioner ever contributed a cent to the support of his wife or their children since 1875, or offered to. do so, and the best that he can say in his petition is that he never refused to provide a home for his said wife or her children in the city of Philadelphia. Probably he was never asked to do so, and, consequently, did not refuse, but he nowhere alleges that he offered to provide a home for his wife and children anywhere, and probably he did not.

They had agreed to live separate, and she had agreed to support herself and her children. She then, by and with his consent, acquired a domicile in New York, made that her home and that of her children, and certainly if she was enough of a resident to institute divorce proceedings, as is conceded, she is enough of a resident to leave her property to her children and to be protected from the claims of a husband with whom she has not lived for twelve years, and who has not, during that time, either contributed or offered to contribute to her. support or to that of their children and who desires now, under a legal fiction, to take away from his own children a portion of their mother's inheritance.

The motion was decided correctly by the learned surrrogate, and the order appealed from should be affirmed, with costs to each of the parties appearing as respondents.

Daniels and Barrett, JJ., concurred.

Order affirmed, with costs to each of the parties appearing as respondents.