MARY G. ATHERTON, Respondent, *v.* PETER LEE ATHERTON, Appellant.

155   129
f165  555

1. HUSBAND AND WIFE — DOMICILE — DIVORCE. A married woman may acquire a separate domicile in another jurisdiction than that of her husband's domicile, when it is necessary for her to do so by reason of his conduct, such as cruel treatment entitling her to a limited divorce.

2. SEPARATE DOMICILES IN DIFFERENT JURISDICTIONS — WIFE'S ACTION FOR LIMITED DIVORCE IN THIS STATE NOT BARRED BY DECREE OF ABSOLUTE DIVORCE OBTAINED BY HUSBAND IN STATE OF HIS DOMICILE, VOID FOR WANT OF JURISDICTION OF PERSON. Where, in an action brought in this state by a wife whose husband's domicile is in another state, for a limited divorce on the ground of cruel treatment, the husband appears, and it is found, by findings binding upon the Court of Appeals, that the wife had changed her domicile from that of her husband to this state, by reason of his cruel treatment, and that the alleged cruelty had been committed, the wife's action, on appeal from an affirmance of a judgment in her favor, is not to be deemed barred by a judgment of absolute divorce obtained by the husband in the state of his domicile, in an action brought by him subsequent to the wife's change of domicile, in which she was only constructively served as an absent resident and did not appear; but such judgment of the other state, having been rendered without acquiring jurisdiction of the person of the wife, is void as to her and without effect in this state.

3. JUDGMENT OF ANOTHER STATE — U. S. CONSTITUTION. The provision of the Constitution of the United States (Art. 4, § 1), requiring each state to give full faith and credit to the judicial proceedings of every other state, has no application to a judgment for divorce shown to have been rendered without acquiring jurisdiction of the person.

4. AGREEMENT BETWEEN SEPARATED HUSBAND AND WIFE AS TO ALIMONY AND CUSTODY OF CHILD. An agreement, entered into by a wife, her trustee, and the husband, after reciting that the principals had ceased to live together as man and wife, and that the agreement was not to prevent "any consequences which may follow, or right which may arise to either party, if such status shall continue," provided for the custody and maintenance of their child, and for alimony to the wife, and stated that the divorce of either party should terminate the agreement. *Held*, that the agreement was mutually terminated, under its terms, by the recovery of a judgment of absolute divorce by the husband in the state of his domicile, and by an action for limited divorce brought by the wife in this state, where she had acquired a separate domicile, with the effect of leaving the trial court of this state free to act as it deemed proper respecting the alimony of the wife and the custody and maintenance of the child.

*Atherton* v. *Atherton*, 82 Hun, 179, affirmed.

(Argued January 21, 1898; decided March 1, 1898.)

17

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered January 14, 1895, affirming a judgment in favor of plaintiff granting her a limited divorce, entered upon a decision of the court on trial at Special Term.

The facts, so far as material, are stated in the opinion.

*Alex. P. Humphrey* and *Simon W. Rosendale* for appellant. The Kentucky judgment is a bar to this action. (U. S. Const. art. 4, § 1; U. S. R. S. § 905; *Pennoyer* v. *Neff*, 95 U. S. 914; *Arndt* v. *Griggs*, 134 U. S. 316; *Lynch* v. *Murphy*, 161 U. S. 247; Nelson on Divorce, § 28; 2 Kent's Com. 460; *Scudder* v. *U. Nat. Bank*, 91 U. S. 406; *L. & G. W. S. Co.* v. *P. Ins. Co.*, 129 U. S. 397; *Pritchard* v. *Norton*, 106 U. S. 124; *Rigney* v. *Rigney*, 127 N. Y. 408; *Laing* v. *Rigney*, 160 U. S. 531; *Ditson* v. *Ditson*, 4 R. I. 87; 10 Abb. [N. C.] 333; *Maynard* v. *Hill*, 125 U. S. 190; *Kinnier* v. *Kinnier*, 45 N. Y. 535.) There was no evidence to support the finding that the plaintiff, Mrs. Atherton, was a resident of the state of New York. (*Queen* v. *Jackson*, L. R. [1 Q. B.] 671; Code Civ. Pro. § 1763; *de Meli* v. *de Meli*, 120 N. Y. 485; *Dupuy* v. *Wurtz*, 53 N. Y. 556; *Hart* v. *Kip*, 148 N. Y. 306; Story's Conflict of Laws, § 744; Whart. Conflict of Laws, § 490; *Warrender* v. *Warrender*, 2 Cl. & F. 488; *Dolphin* v. *Robbins*, 7 H. L. C. 390.) There is error of law in the decree as to alimony for plaintiff and in its provisions for the support of the child. (*Carpenter* v. *Osborn*, 102 N. Y. 552; *Clark* v. *Fosdick*, 118 N. Y. 7; *Galusha* v. *Galusha*, 116 N. Y. 635; 138 N. Y. 272.; *Duryea* v. *Bliven*, 122 N. Y. 567; *People* v. *Sternberger*, 153 N. Y. 684; *Allen* v. *Affleck*, 64 How. Pr. 380.)

*William Kernan* and *A. M. Mills* for respondent. It is sufficient to authorize the interposition of the court to grant a separation that there be ill-treatment and personal injury, or a reasonable apprehension of personal injury. (*Whispell* v. *Whispell*, 4 Barb. 217; *Davies* v. *Davies*, 55 Barb. 130;

*Byhin* v. *Byhin*, 17 Abb. Pr. 20 ; *Uhlmann* v. *Uhlmann*, 17 Abb. [N. C.] 236 ; *Lutz* v. *Lutz*, 31 N. Y. S. R. 718 ; *Straus* v. *Straus*, 67 Hun, 491 ; *Waltermire* v. *Waltermire*, 110 N. Y. 183 ; *de Meli* v. *de Meli*, 5 Civ. Pro. Rep. 306 ; *Evans* v. *Evans*, 1 Hagg. Const. 35 ; *Mason* v. *Mason*, 1 Edw. Ch. 278.) The decree of divorce in Kentucky in favor of the defendant is no bar to this action. (*Beckwith* v. *Beckwith*, 24 Wkly. Dig. 5 ; *Kerr* v. *Kerr*, 41 N. Y. 272 ; *Hoffman* v. *Hoffman*, 46 N. Y. 30 ; *People* v. *Baker*, 76 N. Y. 78 ; *O'Dea* v. *O'Dea*, 101 N. Y. 23 ; *Jones* v. *Jones*, 108 N. Y. 415 ; *Cross* v. *Cross*, 22 Wkly. Dig. 309 ; 108 N. Y. 628 ; *de Meli* v. *de Meli*, 120 N. Y. 485 ; *Rigney* v. *Rigney*, 127 N. Y. 408 ; *Williams* v. *Williams*, 130 N. Y. 193 ; *Matter of De Garamo*, 86 Hun, 390 ; *People* v. *Karlsioe*, 1 App. Div. 571 ; *Bell* v. *Bell*, 4 App. Div. 527.) Upon the findings of fact by the court the plaintiff had the legal right to change her residence and domicile from the state of Kentucky to the state of New York as she did, and was and is entitled to the decree granted to her. (2 Bishop on Mar. & Div. § 125 ; *Cheever* v. *Wilson*, 9 Wall. 108 ; *Hunt* v. *Hunt*, 72 N. Y. 217 ; *Rundell* v. *Van Inwegan*, 9 Civ. Pro. Rep. 328 ; *Mellen* v. *Mellen*, 10 Abb. [N. C.] 329 ; *Dupuy* v. *Wurtz*, 53 N. Y. 556 ; *Prentiss* v. *Butler*, 37 N. Y. S. R. 605 ; *Bassett* v. *Wheeler*, 84 N. Y. 466 ; *de Meli* v. *de Meli*, 120 N. Y. 486 ; *Phelps* v. *N. Y., N. H. & H. R. R. Co.*, 17 App. Div. 392.) There is no error of law in the decree as to the custody of the child. (*People ex rel.* v. *Mercein*, 3 Hill, 400 ; *People ex rel.* v. *Mercein*, 8 Paige, 47 ; *Mercein* v. *People ex rel.*, 25 Wend. 64 ; *Matter of Hartman*, 23 Wkly. Dig. 128 ; *People ex rel. Brush* v. *Brown*, 35 Hun, 324 ; *Allen* v. *Affleck*, 64 How. Pr. 580 ; Code Civ. Pro. § 1766 ; *Matter of Waldron*, 13 Johns. 418 ; *Matter of Maurer*, 18 Wkly. Dig. 568 ; *People ex rel.* v. *Olmstead*, 27 Barb. 9.) There is no error of law in the decree as to the allowance for the support of the child or as to the alimony for the plaintiff. (1 Bishop on Mar. & Div. § 1302 ; *Cropsey* v. *McKinney*, 30 Barb. 48 ; *Griffin* v. *Banks*, 37 N. Y. 621 ; *Galusha* v. *Galusha*, 116 N. Y. 635 ; Code Civ. Pro. § 1337.)

BARTLETT, J.  The defendant seeks on this appeal the reversal of a judgment for limited divorce recovered against him by his wife.

The judgment rests upon the finding of the trial court that the defendant had treated the plaintiff in such a cruel and inhuman manner that it rendered it unsafe and improper for her to cohabit with him and justified her in seeking a separate residence; it gives her alimony and the custody of the only child of the marriage.

The plaintiff, a young lady of refinement and excellent social position, was married, when twenty-two years old, to the defendant at her father's house in Clinton, New York, on the 17th day of October, 1888.  The defendant is a young man of good family, a native of Kentucky, and at the time of his marriage resided with his parents at the city of Louisville. After the wedding trip the plaintiff and defendant took up their residence at the house of defendant's parents.  On the 8th of January, 1890, a daughter was born, and is the only issue of the marriage.

On the 3d of October, 1891, the plaintiff left her husband's house permanently, taking the child with her.  On the 10th day of October, 1891, and before her departure for the state of New York, the plaintiff, her trustee, and the defendant, with the advice of counsel, entered into a certain agreement that will be referred to later.  Immediately thereafter the plaintiff departed from the commonwealth of Kentucky and came to the state of New York with the intention, as the trial court finds, of changing her residence and domicile from Kentucky to New York.

In the month of December, 1892, the defendant commenced an action against plaintiff in Kentucky for an absolute divorce, alleging that she had abandoned him in the month of October, 1891, without fault on his part, and such abandonment had continued uninterruptedly for the period of more than one year.

Under the statutes of Kentucky the proof of this state of facts entitles a plaintiff to a decree dissolving the bonds of

matrimony.   The defendant was not served with process in Kentucky nor did she appear in the action.

The decree of divorce was obtained upon the assumption that the defendant was a resident of Kentucky who had been absent therefrom for four months, and could, therefore, receive notice of commencement and pendency of the action by a. designated constructive process.

The plaintiff made his formal proofs, and in the absence of the defendant the Kentucky decree was entered about March 14th, 1893.

The wife began the present action for a limited divorce on the ground of cruel and inhuman treatment in January, 1893, and the trial court rendered judgment in her favor in June, 1893.   The husband appeared in this case, was represented by able Kentucky and New York counsel and the issues were thoroughly tried.

The principal question presented by this appeal is whether the Kentucky decree is a bar to this action, the defendant having set it up in his answer.   The plaintiff attacked this decree on the ground that it was entered by a court having no jurisdiction of her person, she being at the time the Kentucky action was begun and the decree therein entered, a resident of the state of New York.

On the other hand, the defendant insisted that his wife was at the time referred to a resident of Kentucky and consequently bound by the decree.   This was one of the issues tried and decided in favor of the wife.

The learned counsel for the defendant from Kentucky argued with great earnestness and ability that the matrimonial domicile of the wife is that of her husband and consequently we are compelled by the Constitution of the United States to give full faith and credit to the decree in her husband's favor. (Art. 4, sec. 1.)   In view of the fact that we have a finding fixing the wife's domicile in this state, we are of opinion the Kentucky decree is void as to her under the law as well settled in this jurisdiction.

It is undoubtedly true that the matrimonial domicile of the

wife is that of her husband, but this general rule has its exceptions.

In this case we have the finding that the plaintiff was justified in leaving her husband and that her sole reason for so doing was his cruel and inhuman treatment.

This court said in *Hunt* v. *Hunt* (72 N. Y. 217), in speaking of the general rule as to the wife's domicile (at page 242):

" There are, however, exceptions to the rule, one of which is invoked by the plaintiff in this suit, so that in certain cases a married woman may have a domicile in another jurisdiction than that of her husband. This is so, when they are living apart under a judicial decree of separation, or when the conduct of the husband has been such as to entitle the wife to an absolute or limited divorce. She may acquire a separate domicile whenever it is necessary for her to do so. But the right to do so springs from the necessity for its exercise."

In the case at bar we have the undoubted right of the plaintiff to change her domicile under this rule, followed up by the finding that she did so change it to the state of New York.

It has been held in many cases that the jurisdiction of the court of another state in which judgment has been rendered, is always open to inquiry in the courts of this state; and if that court has exceeded its jurisdiction, or has not obtained jurisdiction of the parties, the proceedings are void. (*Kerr* v. *Kerr*, 41 N. Y. 272; *Hoffman* v. *Hoffman*, 46 N. Y. 30; *Hunt* v. *Hunt*, 72 N. Y. 217; *People* v. *Baker*, 76 N. Y. 78; *O'Dea* v. *O'Dea*, 101 N. Y. 23; *Jones* v. *Jones*, 108 N. Y. 415; *de Meli* v. *de Meli*, 120 N. Y. 485; *Rigney* v. *Rigney*, 127 N. Y. 408; *Williams* v. *Williams*, 130 N. Y. 193.)

We have carefully examined the evidence and have reached the conclusion that the findings of the trial court as to the issues of domicile of the plaintiff and the cruel and inhuman treatment by defendant of his wife are not without evidence to support them, and because of their affirmance by the General Term they are binding upon this court.

It, therefore, follows upon the facts and the law that the Kentucky judgment is not a bar to this action.

It remains for us to consider the appellant's points based on the alleged effect of the agreement entered into by the plaintiff, her trustee and the defendant just prior to plaintiff's final departure from Kentucky.

This agreement bears date October 10th, 1891. We do not regard this instrument as technically articles of separation between husband and wife, but rather an agreement to provide for the best interests of the child, made in contemplation of the fact that the parents had separated and were to live in different jurisdictions.

The opening recitation of the agreement refers to the parties as " having ceased to live together as man and wife, without in any way acknowledging upon whom is the fault, or condoning the conduct of the one or the other which has led to the existing state of affairs, or preventing any consequences which may follow, or right which may arise to either party if such status shall continue." This language makes it clear that, while the separation was recognized as a fact, the agreement was not to prejudice or affect existing rights of either party growing out of that situation.

The recitation clause further states that the parties desire to provide for the best interests of the child, and with this view they have entered into the agreement. It provides for the alternating custody of the child by her mother and the mother of the defendant; the defendant obligates himself to pay $500 for maintenance of the child during that portion of the year in which she is with her mother; the wife is to receive alimony at the rate of $125 a month, the divorce or second marriage of either party to terminate the agreement; the agreement was to continue as to the child until she was fourteen years of age, and as to her mother until January 8th, 1904; if divorce was granted, the provisions as to plaintiff were to be carried into the decree.

There are other details not necessary to mention. We are of opinion that the suit for absolute divorce brought by the husband in Kentucky in December, 1892, and the action for limited divorce instituted by the wife in this state in January,

1893, both having proceeded to judgment, may be regarded as a mutual abandonment and termination of the agreement under its terms, and left the court below free to act as it deemed proper respecting the alimony of the wife and the custody and maintenance of the child. The provision of the agreement for the wife's alimony was not carried into the Kentucky decree, but the judgment in this action provides for the same amount of alimony per month of $125.00.

It is unnecessary for us to consider any of the questions which are argued in the briefs, resting on the assumption that the agreement was in full force and effect at the time the judgment was entered herein at Trial Term. The husband and wife had sought relief in the courts, and the interests of the child were safe, with the Supreme Court of this state guarding her rights.

The judgment of the General Term should be affirmed, with costs.

All concur, except GRAY, J., absent, and MARTIN, J., not sitting.

Judgment affirmed.