(65 Misc. Rep. 172.)

## CALLAHAN v. CALLAHAN.

(Supreme Court, Special Term, Onondaga County. November, 1909.)

DIVORCE (§ 328*)—JURISDICTION OF FOREIGN COURTS—SUFFICIENCY.

Where, in an action for divorce brought in another state against a defendant, a resident in New York, he is served by publication, and the last joint matrimonial domicile of the parties was in the state where the action was brought, the decree is valid.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 328.*]

Action by Harriet C. Callahan against James Francis Callahan. On motion for change of venue. Granted.

S. Wallace Dempsey, for the motion.

O. M. Reilly, opposed.

ANDREWS, J. The papers used upon this motion show that the parties were married at Fulton, Oswego county, N. Y., on June 15, 1903. Whether at that time the defendant was a resident of New York or of Ohio is in dispute. After the marriage the parties spent a few days in Niagara county and then went to Ohio. They lived together in that state until about August 1st, when they separated. On August 6th they entered into an agreement to live apart from each other, "at such place or places as they may think proper, without any interference whatever on the part of either." The plaintiff then returned to Fulton, N. Y., where she has resided ever since. The defendant remained in Ohio.

In September, 1907, the defendant obtained in an Ohio court a decree of divorce against the plaintiff on the ground of desertion. No personal service was made upon the wife within the state of Ohio, nor did she appear in the action. The judgment roll, however, shows that proper service was made by publication in accordance with the Ohio statutes. On November 28, 1908, the defendant returned to this state and married one Catherine Hammond. He has been living with her in Niagara county since that time.

This action is brought to obtain a divorce on the ground of adultery, the alleged adultery consisting of the cohabitation of the defendant and the said Catherine Hammond. Whether it can be sustained or not depends upon the validity of the Ohio decree.

The defendant bases his motion upon the necessity of obtaining the testimony of various witnesses residing in Niagara county bearing upon the question as to whether, after the marriage of the parties, they left this state for Ohio with the intention of making that state their home. If this evidence is material, the trial of the action should be transferred to Niagara county. Otherwise the motion should be denied. Whether or not the evidence is material depends upon the effect to be given to Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794.

The courts in this state had previously held that they would not recognize a decree of divorce obtained in a foreign state against a resident of New York, where there was no personal service upon such

resident and he or she had not appeared in the action and submitted to the foreign jurisdiction. Such a decree would be treated here as a nullity. In Atherton v. Atherton the parties were married in New York, the husband then being a resident of Kentucky, and immediately went to and resided in that state. Some three years later, because of cruel and abusive treatment, without fault on her part, the wife left the defendant and at once returned to New York and continued to reside here. She came with the purpose and intention of not returning to Kentucky, but of making New York her permanent residence. This purpose and intention were understood by the husband at the time, and were contemplated in an agreement between the husband and wife with regard to the custody of their child and with regard to certain payments to be made to the mother for the child's support. Under these circumstances it was held that the matrimonial domicile of the parties was in Kentucky; that a decree of divorce obtained by the husband in that state by publication, without personal service, and without appearance by the wife, was binding everywhere; and that the finding of the Kentucky court established beyond contradiction that the wife had abandoned the husband, and precluded her from saying that she left him on account of cruel treatment.

This result depends upon a question of jurisdiction, and this in turn depends upon the actual existence of certain facts. As against Mrs. Atherton, domiciled here, as the trial court found, served with process by publication, and not appearing in the action, any judgment of the courts of Kentucky that these facts existed was not binding. Cross v. Cross, 108 N. Y. 628, 15 N. E. 333. And so the holding that she was barred by the Kentucky decree assumes that the record disclosed the existence of such facts. What were these facts? Not service of process upon her in the state. Concededly there was no such service. Not that she was domiciled there actually or presumptively. The trial court found to the contrary. Not that an action for divorce is a proceeding in rem, and the res was situated in Kentucky. The Supreme Court has repudiated that view. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. Solely that the matrimonial domicile was situated in Kentucky. And that, in view of the circumstances of the case, must mean the last joint domicile of the parties before Mrs. Atherton left her husband and acquired a separate domicile in New York.

Just why the former matrimonial domicile of the parties in Kentucky should have this effect may not be clear, but that it has is evident from the opinion of the court in Haddock v. Haddock. For it is conceded that Mrs. Atherton had rightfully acquired a domicile in New York. Having done so, our courts had held that the foreign decree was void in this state, and their view of the law is sustained in Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. Consequently, the decision of the Court of Appeals in the Atherton Case, 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650, would necessarily have been affirmed, except for this fact as to the matrimonial domicile of the parties. This it was which gave the Kentucky courts jurisdiction over Mrs. Atherton, so far as the marriage was concerned, and made their decree dissolving the marriage

binding upon her even in New York. Such, then, is the sole modifica-
tion of the New York rule effected by Atherton v. Atherton. Where
the foreign state in which the decree had been obtained was the mat-
rimonial domicile of the parties, then, even if the defendant is a
resident of this state and has only been served by publication, the
decree must be held valid here.

The result is that, in determining the validity of a foreign decree of
divorce obtained without personal service or appearance, three ele-
ments are to be considered: (1) The domicile of the plaintiff. (2)
The domicile of the defendant. (3) The matrimonial domicile. If
the plaintiff only is domiciled in the state where the decree is granted,
then it will not be recognized here. If the plaintiff and defendant are
both domiciled there, the decree is valid, even if the defendant may
be actually present here. And the presumption is that the domicile
of the husband is that of the wife, unless she is living apart from him
under a decree of separation, or unless his conduct is such as to entitle
her to a limited or absolute divorce, or unless an agreement exists.
between them permitting the wife to select her own domicile, or ex-
cept in a very limited class of cases where his conduct is unreasonable.
Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; Gray v. Gray, 143.
N. Y. 354, 38 N. E. 301; Atherton v. Atherton, 155 N. Y. 129, 49 N.
E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650; Matter of Florance, 54
Hun, 328, 7 N. Y. Supp. 578. If the plaintiff is domiciled there, and
the matrimonial domicile is there also, the decree is valid, even though
the defendant is domiciled here. This matrimonial domicile may be
distinct from the present domicile of both husband and wife. Pre-
sumptively it is identical with the domicile of the husband. But where
the wife has acquired a separate domicile it is the place where they last.
lived together as husband and wife with the intent of making that
place their fixed home.

In the case at bar the defendant claims that, at the time of the mar-
riage, he was a resident of Ohio, as Mr. Atherton was a resident of
Kentucky; that the only matrimonial domicile established between his.
wife and himself was in Ohio, just as in the Atherton Case it was in
Kentucky; that when his wife left him and acquired a domicile in
New York she did so no more effectively than did Mrs. Atherton;
that because of the matrimonial domicile in Ohio the courts of that
state retained jurisdiction to grant a decree of divorce valid every-
where, in the same manner as did the Kentucky courts; and that their
decree was as effectual as the Kentucky decree to establish beyond con-
tradiction that she abandoned him, and to preclude her from asserting
that she left him because either of cruel or inhuman treatment or
because of an agreement between them. I see no answer to this prop-
osition. If, as a matter of fact, the defendant can show that the sole
matrimonial domicile of these parties was in the state of Ohio, the
Ohio decree is valid and binding, and is a complete answer to the
action for divorce begun by the wife here. This being so, evidence as.
to the truth of this allegation is material and competent, and the de-
fendant has made out a case for the transfer of the place of trial from
the county of Oswego to the county of Niagara.

An order to that effect may be entered; but, as the trial in Niagara.

county will greatly increase the expenses of preparation for the plaintiff, the order should provide that any motion heretofore made for alimony and counsel fee may be renewed upon proper papers.

Ordered accordingly.