(96 Misc. Rep. 3)

LIE v. LIE.

(Supreme Court, Special Term, Kings County.   June 21, 1916.)

1. DIVORCE ⊜⥱326—FOREIGN DIVORCE—RECOGNITION BY STATE COURT.

In an action for divorce, where defendant alleged a prior divorce in Norway, it is immaterial that the divorce may be valid by the law of Norway, as the question whether New York courts will recognize a foreign decree of divorce depends upon the law of New York.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. ⊜⥱326.]

2. DIVORCE ⊜⥱327—FOREIGN DIVORCE—EVIDENCE—BURDEN OF PROOF.

In an action for divorce, where defendant alleged a prior divorce obtained against her in Norway, the burden of proof is on the defendant, asserting her change of domicile to the foreign jurisdiction, to prove all necessary facts to show such change, including the fact of misconduct on the part of the plaintiff, justifying her in leaving him.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ⊜⥱327.]

3. DIVORCE ⊜⥱327—FOREIGN DIVORCE—FINDING OF JURISDICTIONAL FACT—COUNTY.

In an action for divorce, where defendant pleaded a former decree of divorce obtained against her in Norway, plaintiff having himself invoked the jurisdiction of the Norwegian court, and it was there found as a fact that defendant was a resident of and domiciled in Norway, being a jurisdictional fact found, with both parties before the court, under the principles of comity the Norwegian decree is binding upon the courts of New York.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ⊜⥱327.]

Action for divorce by Jonas Lie against Charlotte E. N. Lie.   Judgment for defendant, dismissing the complaint.

Charles O'Sullivan, of New York City, for plaintiff.

Clement F. Rozanski and August Reymert, both of New York City, for defendant.

BENEDICT, J.   This is an action for a divorce a vinculo matrimonium.   The only ground of defense is that the marriage between the parties has already been dissolved by a judgment of divorce granted to the plaintiff and against the defendant in Norway.   If such divorce is valid and entitled to recognition by the courts of this state under principles of comity, it is a complete answer to the action, for in that case there was no marriage existing when this action was commenced.   The plaintiff claims, however, that the Norway judgment is not entitled to recognition here, because at the time it was rendered neither party was domiciled in Norway.

At the time of the marriage of the parties the plaintiff was domiciled in New Jersey; the parties were married there, and later removed to New York.   In 1913 the defendant went to Norway, where she has since . remained.   Subsequently the plaintiff went to Norway, and there instituted an action for a divorce, on the ground of defendant's adultery, in the city court of Christiana, which resulted, on August 5, 1915, in the judgment already referred to.   Subsequently the de-

fendant married again in Norway, and it is her cohabitation with her second husband which the plaintiff charges against her in this action as adultery, upon the theory that the divorce is not entitled to recognition here. In the Norway judgment it was found as a fact that the plaintiff was an American citizen and a resident of New York, and the defendant was therefore an American citizen, but that she was then residing in Norway, and that Christiana was her forum.

The question presented is whether the Norwegian court had jurisdiction of the subject-matter of the action; for there is no question but that it had jurisdiction of the parties. Under the common law, both in England and in this country, jurisdiction for purposes of divorce, so as to entitle the decree to extraterritorial recognition, has been held to depend on the domicile of one or both parties being within the territorial jurisdiction of the court. In England it is the domicile of the parties (that is, of the husband) which gives jurisdiction. Thus in Le Mesurier v. Le Mesurier, L. R. (1895) A. C. 517, the Judicial Committee of the Privy Council held that where the husband was domiciled in England, although he resided in Ceylon, which also was the "matrimonial domicile," the courts of Ceylon had no jurisdiction to grant a divorce. The term "matrimonial domicile," as here used, seems to be the place where the parties had their principal residence while living together. It would not necessarily be the domicile of either party. See, on the general subject, Dicey on Conflict of Laws (2d Ed.) p. 381 et seq.

The same rule, with a difference hereafter to be noticed, has been generally recognized in the United States. The leading case is, perhaps, Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366, where it was held that a divorce granted in South Dakota need not be recognized in Massachusetts, under the full faith and credit clause of the federal Constitution, because the plaintiff husband, who went from Massachusetts to South Dakota to secure the divorce, did not acquire a bona fide domicile in the latter state. It was clearly recognized that, as neither party was domiciled in South Dakota, the court there had no jurisdiction of the subject-matter, notwithstanding the wife's appearance in the suit. Numerous other cases support the same doctrine. Bell v. Bell, 181 U. S. 175, 21 Sup. Ct. 551, 45 L. Ed. 804; Streitwolf v. Streitwolf, 181 U. S. 179, 21 Sup. Ct. 553, 45 L. Ed. 807; Gray v. Gray, 143 N. Y. 354, 357, 38 N. E. 301; State v. Armington, 25 Minn. 29; Magowan v. Magowan, 57 N. J. Eq. 322, 42 Atl. 330, 73 Am. St. Rep. 645.

The difference above referred to between the English and the American rules lies in this: That the English law does not recognize the right of a wife to acquire a domicile separate from that of her husband (Dolphim v. Robins, 7 H. L. C. 390; Yelverton v. Yelverton, 1 Sw. & Tr. 574), while the American law does recognize that right under certain conditions, as where the husband has by his own misconduct given his wife just cause for refusing to live with him, or where he has deserted her and gone to another jurisdiction (Cheever v. Wilson, 9 Wall. 108, 19 L. Ed. 604; Post v. Post, 149 App. Div. 452, 456, 133 N. Y. Supp. 1057, affirmed 210 N. Y. 607, 104 N. E. 1139; Ditson v. Ditson, 4 R. I. 87; Shute v. Sargent, 67 N. H. 305, 36 Atl.

282; Watertown v. Greaves, 112 Fed. 183, 50 C. C. A. 172, 56 L. R. A. 865; Vischer v. Vischer, 12 Barb. 640; In re Florance's Will, 54 Hun, 328, 7 N. Y. Supp. 578). The result is that under the English law, as already stated, it is the domicile of the parties—that is, of the husband—which confers jurisdiction. Le Mesurier v. Le Mesurier, supra; Dicey on Conflict of Laws, supra. But in the United States the domicile of either party is sufficient to confer jurisdiction. Cheever v. Wilson, supra; Ditson v. Ditson, supra. In the former case the parties had resided in Washington, D. C., but the wife for just cause left the husband and went to live in Indiana, where she sued for divorce, which was granted on the husband's appearance in the action. It was held that, although the husband had never resided in Indiana, the wife had acquired a domicile there, and the divorce was valid.

[1] It is of no consequence that the divorce may be valid by the law of Norway. The question whether our courts will recognize a foreign decree depends upon our own law relative to that question. The vital question in the case, then, is this: Had the defendant, previous to the action in Norway, acquired a separate domicile there? If so, our courts should, under rules of comity, recognize the divorce as valid. If not, then the Norwegian court was without jurisdiction of the subject-matter, and the divorce is not entitled to recognition here.

[2] No proof was offered as to the circumstances under which the parties separated; it does not appear whether defendant left plaintiff for just cause or without just cause. It is she, however, who asserts a change of domicile, and the burden rests upon her to prove all the facts necessary to show such change (Dupuy v. Wurtz, 53 N. Y. 556, 562; Minor on Conflict of Laws, p. 72), including the fact of misconduct on the part of the plaintiff justifying her in leaving him. This she has not done.

[3] It remains, however, to consider the effect of the express finding in the Norwegian judgment that the defendant was residing in Norway and that Christiania was her forum. This finding of a jurisdictional fact was made with both parties before the court. For all that appears evidence may have been produced which would warrant the Norway court in holding that defendant had the right to acquire a domicile in Norway and did so. In my opinion, therefore, I should accept this as a finding that the defendant was then domiciled in Norway, and hence should conclude that the court had jurisdiction of the subject-matter of the action, and therefore should hold that the judgment is binding under principles of comity upon the courts of this state.

A case similar in its essential features to the case at bar is Guggenheim v. Guggenheim, 201 N. Y. 602, 95 N. E. 1129, affirming 135 App. Div. 914, 119 N. Y. Supp. 1127, where the plaintiff, having obtained a divorce from the defendant in Illinois, brought another action against him for a divorce in this state. In the Illinois suit, in which the defendant had appeared and answered, and contested the case, plaintiff had alleged that she was a resident of Illinois, and the court, after taking evidence on the issues, had found as a fact that she was such resident. The New York courts, therefore, held, although without opinion, except by the referee on the trial, that the Illinois di-

vorce, upon the faith of which both parties had married other persons, was conclusive on the parties in this state, and that the finding that plaintiff resided in Illinois could not be disturbed here.   Although, as already stated, no opinion in this case is reported, the opinion of the referee may be found in the record on appeal to the Court of Appeals at page 152, and the Court of Appeals in the later case of Guggenheim v. Wahl, 203 N. Y. 390, 396, 96 N. E. 726, 728 (Ann. Cas. 1913B, 201), commenting upon Guggenheim v. Guggenheim, said:

"She [the plaintiff] was properly defeated in her attempt to attack that judgment in her proceeding in the courts of this state.   *   *   *   That the Constitution and laws of the state of Illinois vested the circuit court of Cook county with jurisdiction of matrimonial actions is not disputed.   It had before it the bill of complaint, in which the complainant averred, under oath, her residence in the state, and the appearance and answer of the defendant. It heard testimony in open court and rendered its judgment, which found the residence of the plaintiff, as she had alleged, and the commission of the adulterous act by the defendant, as she had charged.   That was sufficient to entitle its judgment to full faith and credit in the courts of this state. Kinnier v. Kinnier, 45 N. Y. 535 [6 Am. Rep. 132]; Hunt v. Hunt, 72 N. Y. 217 [28 Am. Rep. 129]; Lynde v. Lynde, 162 N. Y. 405 [56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332]; Starbuck v. Starbuck, 173 N. Y. 503 [66 N. E. 193, 93 Am. St. Rep. 631].   These cases, and others [which] might be cited, establish the principle that when, as in this case, a court of general jurisdiction in another state has passed upon the jurisdictional facts and has assumed to hear and to determine the issues, the complainant, who has invoked its jurisdiction, will not be heard here in a collateral attack upon its judgment."

The striking similarity of the case just discussed to the case at bar is thus evident.   Here the plaintiff, who is seeking to recover a divorce in the courts of this state, himself invoked the jurisdiction of the court in Norway, and it was there found as a fact, presumably on evidence, that the defendant was a resident of and domiciled in Norway.   On the faith of the Norwegian decree she has again married, and her cohabitation with her second husband is now sought to be made the basis of a suit for divorce in this state.

Objections might have been raised to the admission of the record from Norway in evidence on the ground that the law of Norway relative to divorce and the jurisdiction of the court rendering the judgment was not proved, and because a complete transcript of the record was not produced, and also because of the failure to plead it sufficiently.   No objection on any such grounds was made, and I cannot, therefore, consider these questions.

Judgment for defendant, dismissing the complaint upon the merits, upon the ground that the marriage between the parties had already been dissolved.