NORMAN BEISCHER, Plaintiff, *v.* BESSIE BEISCHER, Defendant.

Supreme Court, Erie County, July 14, 1928.

**Husband and wife — annulment of marriage — action based on ground that defendant had former husband living — defendant secured decree of separation from husband in this State — she and former husband became reconciled and went to Ohio and lived together as man and wife for one month — former husband then left her and she procured divorce in Ohio on service by publication — Ohio court did not have jurisdiction of marital status — reconciliation and cohabitation did not re-establish marital relation — present marriage is void — child of present marriage is legitimatized under Civil Practice Act, § 1135 — child is awarded to custody of defendant under Civil Practice Act, § 1140.**

The plaintiff is entitled to judgment annulling his marriage with the defendant, on the ground that at the time of the marriage she had a husband living. It appears that the defendant procured a separation in this State from her former husband; that thereafter they became reconciled and moved to Ohio where they lived together as man and wife for one month; and that then her former husband left her. After she had lived in Ohio for the required length of time she procured a decree of absolute divorce in the Ohio courts upon substituted service. The plaintiff knew the facts and contributed to the support of the defendant while she was living in Ohio and, after she procured her divorce, married her. The Ohio courts never acquired jurisdiction of the marital status of the defendant and her former husband, for, they having been legally separated in this State, a subsequent reconciliation and marital cohabitation did not restore the relationship of man and wife.

The child of the present marriage is legitimatized, under section 1135 of the Civil Practice Act, and such legitimatization extends to the right to inherit both real and personal property from both parents. Such child is awarded to the exclusive custody of the defendant herein under section 1140 of the Civil Practice Act, and the plaintiff is charged with the duty of contributing to the support and education of the child, the amount thereof to be subsequently determined.

ACTION to annul marriage.

*Harold G. Conger*, for the plaintiff.

*Henry C. Price* [*W. J. Wetherbee* of counsel], for the defendant.

CROSBY, J. Plaintiff sues to have his marriage with defendant declared a nullity on the ground that defendant had a former

husband living at the time of the marriage of the parties to this action.

The essential facts are not in dispute. Defendant had a former husband named Rosar with whom she lived in Buffalo, N. Y. She secured a decree of separation from him in the Supreme Court of this State, which decree has never been vacated or modified. Defendant and said Rosar became reconciled, and on the very day of their reconciliation she and Rosar went to the State of Ohio and lived together as man and wife for one month, when he left her and returned to Buffalo where he continued to live. Defendant continued to live in Ohio until she had resided there long enough to entitle her to commence a divorce action against Rosar in the courts of that State. This she did, and in due time secured a decree of absolute divorce from the Ohio court. This decree was granted upon grounds not recognized as grounds for a divorce in New York State; and no personal service of the summons was made upon Rosar, nor did he, in any way, submit himself to the jurisdiction of the Ohio court.

After obtaining the Ohio divorce defendant returned to Buffalo, there married the plaintiff, and they lived together for several years, having three children, one of whom is now living.

Plaintiff frequently visited defendant while she was residing in Ohio and going through the process of getting her divorce, knew all about the proceedings, and contributed money to her maintenance during her Ohio residence. Plaintiff now asserts the invalidity of his wife's Ohio divorce, the illegality of his marriage, and asks to have the marriage declared a nullity from its inception.

New York is one of the few States which has persisted in refusing to recognize the validity of divorce decrees of other States when granted upon grounds other than adultery, and upon substituted service of the summons upon the defendant.

*Atherton* v. *Atherton* (155 N. Y. 129) is a typical case, showing the policy of the courts of our State.

But the Supreme Court of the United States reversed our Court of Appeals in the *Atherton Case* (181 U. S. 155).

The impression one is likely to get, from reading the opinion of the United States Supreme Court in this case, is that it is the duty of the courts of our State, under the " full faith and credit " clause of the United States Constitution (U. S. Const. art. IV, § 1), to recognize the validity of a divorce decree of any sister State, regardless of whether or not jurisdiction was obtained of the person of the defendant. But the opinion in *Haddock* v. *Haddock* (201 U. S. 562) corrects that erroneous impression.

37

It seems that in order to compel our courts to recognize the validity of a decree of divorce granted by the court of a sister State, where that court does not obtain jurisdiction of the person of defendant, it is essential that the court of such sister State should have obtained jurisdiction of the marital relation or status. It was because the Kentucky court had jurisdiction of the marital relation of the parties that the United States Supreme Court reversed our Court of Appeals in the *Atherton* case. The parties were husband and wife, and as such, both residents of the State of Kentucky at the time the Kentucky court granted the decree of divorce, even though the wife was sojourning in New York State and was separated and estranged from the husband at the time.

Now in our instant case, the validity of the decree of the Ohio court, divorcing the present defendant from Rosar, depends upon the Ohio court's jurisdiction over the marital status of Rosar and his wife (the present defendant). They lived in Ohio for a month as man and wife. But at the time they were so living in Ohio they were separated by legal decree granted by the New York court in a case where unquestionably the New York court had jurisdiction of both the parties as well as their marital status. Lacking jurisdiction of Rosar's person, the Ohio court must have had jurisdiction of the marital status, or else we cannot recognize the decree of divorce. The question is: Did the marital relation between Rosar and defendant exist in the State of Ohio during that month that they lived there when, during all that time, they were separated as man and wife by a decree of the New York court?

Section 1165 of the Civil Practice Act prescribes the method by which parties may become reconciled after a decree of separation.

It has been held that " Until a decree of separation is revoked by an order of the court rendering it, it is not affected by a reconciliation and matrimonial cohabitation of the parties." (*Bailey* v. *Bailey,* 119 Misc. 433, and cases there cited. See, also, *Gewirtz* v. *Gewirtz,* 189 App. Div. 483; *Hobby* v. *Hobby,* 5 id. 496; *Hallow* v. *Hallow,* 200 id. 642.)

It is very doubtful that the Ohio court had jurisdiction of the marital relation or status of the parties. The essentials of such a relation were destroyed by the separation decree, and could not be restored by mere temporary cohabitation.

I am led to the conclusion that the Ohio divorce cannot be recognized here as valid. I find that both parties to this action entered into their marriage innocently and in good faith, relying upon an Ohio divorce which they believed to be valid in this State.

So the plaintiff must be granted the relief asked for, but without costs.

If I correctly understand section 1135 of the Civil Practice Act, it is within the power of this court to decree that the child of the parties hereto is the legitimate child of each; and that such legitimatization extend to the right to inherit both real and personal property from both parents. The decree should so provide.

Pursuant to section 1140 of the Civil Practice Act, the defendant should have exclusive custody of the child of the marriage. And as this section now reads I take it that plaintiff can be charged with the duty of contributing to the support and education of such child. The decree may so provide. The amount to be paid by the plaintiff may be fixed by order subsequent to the decree upon proper application to Special Term, as the record before me does not contain data from which the needs of the child and the ability of the plaintiff to pay can be determined.

Decision and decree may be presented embodying the findings herein indicated.