HUNT and CONDRY v. MAYFIELD.

1. In debt on the record of a recovery in a sister State, under the issue of *nul tiel record*, if a duly certified exemplification is produced, of a judgment, valid in the State where rendered, though not founded on personal service, judgment must be given for the plaintiff.
2. In such cases, *nul tiel record* is the general issue, but is not the only plea that may be pleaded.
3. Special matters of defence, for the want of jurisdiction over the subject matter of controversy, or person of the defendant, in the Court of such sister State, must be specially pleaded, if relied on.
4. Under the issue of *nul tiel record*, the Court will not give the interest of the sister State on such judgment. The rate and amount of interest must be found by a jury.

THIS was an action of debt, instituted by John Hunt and William Condry, in the Circuit Court of Lauderdale coun-

ty, in March, 1826, to recover of Brice M. Mayfield, the amount of a judgment which they obtained against him in the Court of Pleas and Quarter Sessions in the county of Claiborne, in the State of Tennessee; and was founded on an exemplification of the record of said recovery. They declared in the usual form on the record; the defendant pleaded *nul tiel record*, and issue was joined on that plea.

By a bill of exceptions taken by the plaintiffs, it appears that they produced an exemplification, regularly certified, of the proceedings had in the Court of Pleas and Quarter Sessions in Tennessee, which exemplification is fully set out. It shews that on the 19th of December, 1825, before said Court, composed of six justices then sitting, "the plaintiffs by their attorney moved for judgment against the defendant for $980 40, which they allege they have paid as the securities of said Mayfield, and in consequence of a judgment rendered against them in the Court of Pleas and Quarter Sessions for Claiborne county, in said State, on a note given by them and said Mayfield, to S. Posey, administratrix, in whose favor judgment was rendered the 13th of November, 1821, for $776 24, debt and damages, and $14 39, costs of suit." The record proceeds thus: "But it not appearing to the satisfaction of the Court by inspection of the papers, that the plaintiffs were the securities of the defendant Mayfield in said note, on which that judgment was obtained, it is therefore ordered that a jury be empanelled to inquire of the fact, if the plaintiffs were merely the securities of the defendant in said note;" upon this, a jury was empanelled, who found by their verdict that they were securities merely for the payment of said note. After this, is the following entry: "It appearing to the satisfaction of the Court, by proof adduced to them, that said plaintiffs, Hunt and Condry, have paid of principal and interest under said judgment, the said sum of $980 40; it is therefore considered by the Court, that said plaintiffs, Hunt and Condry, recover of the defendant Mayfield, said sum of $980 40, and also the costs of this motion, and that the defendant be in mercy, &c."

At the October term, 1826, of the Circuit Court of Lauderdale county, the cause was tried; and the Court being of opinion that the record was insufficient to sustain the issue for the plaintiffs, gave judgment thereon for the defendant.

The error assigned in this Court by the plaintiffs is, that the record was improperly rejected, and that the

Court should have determined the issue of *nul tiel record* in their favor.

W. B. MARTIN and HOPKINS, for the appellants. The transcript is correctly certified, and the proceedings had in Tennessee, though not founded on personal notice, will be found on examination to be strictly legal under the statutes of Tennessee. [a] The statutes of Tennessee require the fact of securityship to be tried by a jury, this was done. This judgment, in Tennessee, could not be reversed for error; the case cited from Cook's Reports, which was a similar case, proves this. This Court is bound to give to this judgment here the same validity it had in Tennessee, and the same credit is due to the record here as there. To affirm the judgment below, would be to refuse to give to the record and judgment of a sister State, its full faith and credit, as required by the Constitution of the United States, and the act of Congress. The act of Congress makes no distinction between proceedings *exparte*, and those that are not so; then how can any sound argument be drawn, to establish that it shall apply only to cases where both parties are in Court? Why shall it not embrace proceedings had under statute laws, as well as those at common law? Are they not the *judicial proceedings* and *records* of a sister State? The presumption must be in favor of the record, and it cannot be presumed the Court in Tennessee was regardless of the rights of the defendant; that would be to give to the record *no credit* at all. It does appear that all the proof that was necessary was in fact produced before that Court.

There are various proceedings in the several States, which are records, and are so considered, although they are *exparte*; as the probate of wills, deeds, settling of estates, &c., by which all the world, whether parties or not are bound, whether they have notice or not. All those proceedings are at least *prima facie* evidence.

This statute of Tennessee, giving the summary remedy required no notice, so none was necessary. It is a statute passed for the benefit of securities, and is of a remedial nature; therefore it should be liberally construed. Cases of this kind differ from cases of attachment, and are distinguishable from them. Such cases are of themselves original proceedings without any notice; but this is a case of implied notice, and growing out of other previous proceedings. It has been held that a judgment founded on two

a Scott's revised laws of Tenn. vol. 1, 703,1171,697, 780. Cooke's Tenn. Rep. 267, 464, 466.

returns *"nihil,"* would be sufficient to support the judgment of a sister State. *a*

JULY 1829.

Hunt and
Condry
v.
Mayfield.

It must be recollected that in this cause the plea of *nul tiel record*, is alone pleaded. Several of the cases cited on the other side, go only to shew that other pleas than *nul tiel record* may be pleaded. Had a special plea alleging a want of jurisdiction, or any other special matter, avoiding the judgment, been filed, we could have replied and tried such special matter. But the plea of *nul tiel record* only puts in issue the existence of our judgment, and having in our possession a transcript duly authenticated, shewing the existence of a judgment not reversible in Tennessee, we felt safe under the issue joined. It will also be perceived, that if we fail in this action, our debt will be lost; for the statute of limitations would bar any other recovery. We therefore think the Court would be disposed to hesitate, before affirming the judgment against us. *b*

a 1 Littell 117,
417. 5 Littell
349.

b 1 Chitty's P.
480,481, note
37. 1 Starkie
215, note J.
7 Cranch 481.
4 Cowen 292.
19 John, 162.
3 Wheat. 234.

COALTER, for the appellee. The defendant below, and who was also defendant in Tennessee, had no notice, either actual or constructive, of the proceedings had against him in Tennessee; therefore they are a nullity and void, and no evidence against him in the Courts of this State. *c* Parties to a suit can only be made by process or by consent, and in no other way. *d* In summary proceedings, and proceedings before inferior jurisdictions, every thing must appear in the record itself, such as notice, &c., which is necessary to give the Court jurisdiction, without which, the whole proceedings are *coram non judice*, and void. *e*

c 8 John. 67. 9
East 192,132.
13 John. 199.
1 Littell 118.
3 Whart. Dig.
362, No. 41,
42. 3 Bibb
454-5.
d 3 Wharton's
Dig. 360, No.
19.
e 4 Burrow
2244, 2281.
Minor's Ala.
Rep.
1 Stewart

By JUDGE SAFFOLD. The bill of exceptions taken by the plaintiffs in the Court below, brings before this Court the transcript of the record on which the suit was brought, and presents for consideration a question of considerable magnitude; and which, in principle, is also involved in several other cases now pending in this Court. The question relates to the effect of a judgment obtained in a sister State, against a defendant residing out of the same, and where there has been no personal service of the process. No objection is found to the sufficiency of the certificates, either of the clerk or presiding justice of the Court; but it is insisted, and was so adjudged below, that in legal acceptation, this is not a record on which a judgment can be rendered in this State.

It will be observed, that it is not in any way shewn that

the defendant Mayfield, was not an inhabitant of Tennessee, nor that he was not subject to the jurisdiction of the Court there, at the time the proceedings were had against him. It is not our intention to extend the rule of decision in this case beyond the principles necessarily involved in it; or to declare the kind or nature of defence which would be available against a judgment rendered in a different State or nation, where there has been personal service of process, the proceedings conformable to the laws of the country, and the record certified in due form. Here there was no personal service of the process, or appearance by the defendant, which would have been tantamount to actual notice; the Court appears to have proceeded according to the law of that State, upon the ground of constructive notice, arising from the facts, that the defendant was the principal debtor in the note referred to, the plaintiffs his securities, and that they had paid and satisfied the same, after judgment obtained against them as such, in that State.

This recovery appears to have been authorised by the law of that State, and in the form pursued. " Then should the plea of *nul tiel record* have been sustained to the suit brought on this recovery? or must not the defendant, if he could avail himself of the want of jurisdiction in the Court, or other extrinsic matter of defence, have resorted to a special plea in bar? Under an issue of *nul tiel record*, the Court can only inspect the record of recovery, and unless the want of jurisdiction, or some other insufficiency appear, which would destroy the force and effect of the judgment in the State in which it was rendered, judgment must be given for the plaintiff. On this important subject it would be impossible to reconcile the decisions of the Supreme Court of the Union, with those of the highest tribunals of some of the States; yet it must be admitted, that as the question involves the construction of the Federal Constitution, the decisions of the Federal Tribunal, having authority to control all others, must prevail.

For a time the doctrine prevailed in the State of New York, that a judgment from a sister State was to be regarded as a foreign judgment; that it was only *prima facie* evidence of the debt, and that the defendant could plead *nil debet* to an action of debt brought upon it. The decisions however of other tribunals, appear to have yielded in a good degree to the paramount authority. [b] The Supreme Court of the United States, in the case of *Mills v. Durryee*, [c] decided, that the act of Congress of 1790, chap-

ter 38, prescribed the mode in which the public acts, records and judicial proceedings in each State shall be authenticated, so as to take effect in every other State: declaring that the record of a judgment, duly authenticated, shall have such faith and credit, as it has in the State Court from whence it was taken; and if in such Court it has the effect of *record evidence*, it must have the same in every other Court within the United States; and that in such case, the only proper inquiry is, what would be the effect of the judgment in the State where it was rendered. The same Court in the case of *Hampton v. M'Connel*, *a* professing to recognise the former doctrine, said that it was held in the case of *Mills v. Duryee* "that the judgment of a State Court should have the same *credit, validity and effect*, in every other Court in the United States. which it had in the State where it was pronounced; and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other Court in the United States.

*a* 3 Whea. 234

I concur however, in the view taken of the decision in *Mills v. Duryee*, by the Supreme Court of New York, in the case of *Shumway v. Stillman*, *b* that "the only general proposition upon the subject of pleading established by that case, is, that *nul tiel record* is the only proper *general issue* in an action of debt on a State judgment;" and the opinion of that Court is implied, that the judgment would not be conclusive, where the Court had not acquired jurisdiction over the person of the defendant; and that in such case, *nul tiel record* was not the *only* proper plea. In the case last referred to, this doctrine is explicitly maintained. The same principle is maintained in the late decision of the Supreme Court of the United States, of *Biddle v. Wilkins*; *c* tha. "when the Court in which the judgment is rendered had not jurisdiction over the subject matter of the suit, or when the judgment is absolutely void, this may be pleaded in bar, or may in some cases be given in evidence under the general issue. But the general rule is, that there can be no averment in pleading against the validity of a record, though there may be against its operation."

*b* 4 Cowen 292.

*c* 1 Peters 636.

The effect of these rules of decision is conceived to be, that where the proceedings appear to have been conducted conformably to the laws of the State in which they were had, defence for the want of jurisdiction in the Court, either over the subject matter in contest, or the person of the defendant, can only be made by special plea in bar; con-

17

JULY 1829.

Hunt and
Condry
v.
Mayfield.

sequently, the judgment rendered in this case must be reversed, and the cause remanded; unless the plaintiffs be willing to abandon their claim to interest since the date of the judgment in Tennessee, and accept a rendition of judgment here for the same amount of *that judgment*. The law of interest in another State is in the nature of evidence, requiring the intervention of a jury, and subject to opposition from the adverse party.

The plaintiffs consenting to abandon the interest, judgment is rendered for the amount of the judgment, on which the suit was brought.

Judgment reversed and rendered.

JUDGE WHITE, not sitting.

---

2s 130
112 324