McRae v. Stokes &' Smith.

1. The terms " in due form," as used in the act of Congress of May, 1790, which provides for the authentication of the records and judicial proceedings of the Courts of a sister States, merely mean that the attestation of the clerk shall be according to the form prescribed for the Court where the proceedings were had ;' and the certificate of the presiding judge is made the only evidence that such form has been observed.

2. In the attestation of the clerk it was affirmed, that the records of another Court lately existing in the town in which his Court was holden, (and in which late Court the judgment was rendered,) had by law been there transferred ; the presiding judge certifying that the attestation was " in due form," it was *held*, that the transcript was sufficiently authenticated, without the production of the law by which the transfer was made.

THE defendants in error, brought an action of debt against the plaintiff, in the Circuit Court of Marengo, upon the exemplification of a judgment recovered by them in the Superior Court of law, for the town of Petersburg, in the State of Virginia, on the 27th May, 1824.

On the trial, the defendant objected that the transcript of the record and judgment was not properly authenticated, and could not be received as evidence under the declaration; but his objection was overruled, and the transcript adjudged to be admissible as evidence. The attestation of the clerk and certificate of the Judge, are as follows:

"State of Virginia, Town of Petersburg, to wit:

I, Henry Bunly Gaines, clerk of the Circuit Superior Court of Law and Chancery, for the town aforesaid in the State of Virginia, (to which Court the records of the late Superior Court of Law, for said town, are now by law transferred) do hereby certify, that the foregoing is a true transcript of the record and proceedings, in a certain action of debt, lately depending in the said Superior Court of Law, for said town, between Stokes & Smith, plaintiffs, and John McRae and John Brent, defendants, with all things touching the same, as fully and wholly as they now exist among the records of my office. In testimony whereof, I have hereunto set my hand and annex-

ed the seal of said Court, this 26th day of March, one thousand eight hundred and thirty-six.

[Seal.]                                    H. B. GAINES, Cl'k.

" *Virginia, Town of Petersburg*, to wit:

I, John F. May, one of the Judges of the General Court, and sole Judge of the Circuit Superior Court of Law and Chancery for the town of Petersburg, in the State of Virginia, do hereby certify that H. B. Gaines, who hath given the preceding certificate, is clerk of the said Circuit Superior Court of Law and Chancery of the said town, and that his attestation is in due form.

Given under my hand, this 26th day of March, 1836.

J. F. MAY."

The defendant objected to the decision of the Court, adjudging the transcript to be duly authenticated, and a judgment being rendered against him, he has prosecuted a writ of error to this Court.

LYON, for plaintiff in error.
ERWIN, for the defendants.

COLLIER, C. J.—By the act of Congress of the 26th May, 1790, it is enacted, " that the records and judicial proceedings of the Courts of any State, shall be proved or admitted in any other Court within the United States, by attestation of the clerk, and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice, or presiding Magistrate, as the case may be, that the said attestation is in due form."   Under this statute it is uniformly held, that the judgment of a Court of one of the States, is of the same dignity in every other, as that in which it is pronounced, and the act merely prescribes certain forms, which if complied with, entitle it to admission as evidence in the Courts of the sister States.

The terms " in due form" do not mean that the attestation of the clerk shall be according to the form used in the State where the record was offered in evidence, or to any other form generally observed; but according to the form prescribed for the Court, where the proceeding was had, and the certificate of the presiding Judge, is made the only evidence that such form

has been complied with; Drummond v. Magruder, 9 Cranch's Rep. 122 ; Smith v. Blagge, 1 Johns. Cases, 238 ; Barbour v. Watts, 2 A. K. Marsh. Rep. 292 ; Craig v. Brown, 1 Peters' C. C. Rep. 352; Henthorn v. Doe, 1 Blackf. Rep. 160.

It has been held, that the attestation of the clerk, need not expressly state, that the transcript is a copy of all the proceedings in the case. If he certifies, that the transcript is correctly copied from the record of the proceedings of the Court, and it appears to be complete, it is sufficient. Mudd v. Beauchamp, Litt. Sel. cases, 142. And in Ferguson v. Harwood, 7 Cranch Rep. 408, the clerk certified " that the aforegoing is truly taken from the record of the proceedings" in this Court. The certificate of the Judge was regular, and the Court held that the presumption was, that the copy of the record was complete.

But it is argued for the plaintiff, that the attestation of the clerk, that the records of the late Superior Court of Law, &c. were transferred by law to his Court, is no evidence of that fact, but the law by which the transfer was made must be shown. The influence accorded to the certificate of the Judge, furnishes a sufficient refutation of this argument. But an objection, precisely similar was considered in Thomas v. Tanner, 6 Monroe's Rep. 52. In that case, it appeared that the records of a former territorial judge of probate were, on the admission of the territory into the Union, transferred to the clerk of the County Court. It appeared on the face of the transcript that a part of the proceedings was had before the Territorial Probate Court, and the other part, since the change of government, before the County Court. It was insisted, that the law authorizing the transfer of the records and their attestation by the clerk of the County Court should be proved; but the Court were of opinion, that the attestation of the clerk and certificate of the Judge, were entitled to full credit, and that every thing should be presumed right, according to the local law. This case, it will be observed, is directly in point, and confirmatory of the principles we have laid down.

Had the clerk in his attestation, omitted to state that the record had been transferred to his office *by law,* the inference would have been that it was legally there, and that he was the proper officer to attest it. We cannot conceive why the ex-

press affirmation of what would otherwise be implied, should make it necessary to establish the fact by proof.

We are of opinion, that the transcript was regularly authenticated, and the judgment of the Circuit Court is therefore affirmed.