# Andrews *v.* Flack & Wales.

*Action on Foreign Judgment.*

1. *Sufficiency of complaint.*—In declaring on a judgment, it is sufficient to set forth the court by which it was rendered, the place at which the court was held, the names of the parties plaintiff and defendant, the date of its rendition, and the amount recovered.

2. *Inconsistent averments in complaint; one or more counts.*—When the

[Andrews v. Flack & Wales.]

complaint contains but a single count, inconsistent or contradictory averments, in the statement or description of the cause of action, are grounds of demurrer; but not when the complaint contains two or more counts, varying the descriptive averments.

3. *Pleas to action on judgment.*—*Nil debet* is not a good plea to an action on a foreign judgment, *nul tiel record* being the only proper general issue; but, if the judgment is void for want of jurisdiction, a special plea in bar, going to matters anterior to its rendition, may be interposed.

4. *Authentication of transcript of foreign judgment.*—Under the act of Congress relating to the authentication of judgments and records when offered in evidence in the courts of another State (1 U. S. Stat. 122), a transcript of the record of a judgment rendered by the Supreme Court of New York for the county of Rensselaer, is properly admitted in evidence, when certified by the clerk of that court, under his hand and official seal, to contain a true and correct copy of the judgment and all the proceedings in the cause; to which is affixed the official certificate of a justice of said Supreme Court, stating (1) that said clerk is the proper person to make and certify copies of the judgments and proceedings of said court, (2) that full faith and credit ought to be given to his official acts, and (3) that his "attestation to the foregoing transcript is in due form;" also, (4) that there is no chief justice of said Supreme Court, but all the justices thereof have concurrent jurisdiction throughout the State, and (5) that he is the resident justice of the court in said county.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by F. M. Flack and P. M. Wales, partners doing business under the firm name of Flack & Wales, against Joseph E. Andrews; and was commenced on the 8th February, 1888. The complaint contained three counts, each declaring on a judgment which the plaintiffs had recovered against the defendant, on the 16th November, 1885, in the Supreme Court of New York for Rensselaer county. The first count claimed $602.35, "due on and by a judgment rendered in favor of plaintiffs, and against defendant, in the sum aforesaid, on the 16th November, 1885, in the Supreme Court of New York for the county of Rensselaer; which said judgment, with interest at the rate of six per cent. *per annum*, is still unsatisfied, due, and unpaid." The second count claimed $602.35, "which said defendant owes to, and unjustly detains from plaintiff; for that whereas, heretofore," on said 16th November, 1885, plaintiffs recovered a judgment against him, describing it as above, "yet defendant hath not as yet paid said sum of $602.35 due by said judgment, but hath hitherto wholly refused, and still refuses to pay the same; to said plaintiffs' damage," &c. The third count claimed $602.35, "which said defendant owes to, and unjustly detains from plaintiffs; for that whereas," on November 16th, 1885, "plaintiffs obtained a judg-

ment against said defendant, in the Supreme Court of New York held for the county of Rensselaer, for the sum of $476.01 damages, and for their costs, $126.34, making the total amount of judgment, for damages and costs, $602.35; which said judgment, plaintiffs aver, is still subsisting and unpaid, and defendant has hitherto refused," &c. to pay it. Each count alleged, also, "that said court had jurisdiction of the subject-matter, and acquired jurisdiction of the person of the defendant."

The defendant demurred to the entire complaint, and to each count separately, assigning twenty grounds of demurrer; all of which being overruled by the court, he filed eleven pleas in bar. The first and second pleas were, each, *nul tiel record*; the third and fourth, each, alleged that the defendant, at and before the day on which said judgment purported to have been rendered, was a resident citizen of Alabama, was not notified of said proceedings, did not appear, and did not authorize any one else to appear for him; the fifth, sixth, seventh, eighth and ninth, each, *nil debet*; the tenth, that the judgment was procured by fraud, and an appearance entered for him without his knowledge or authority; and the eleventh, that plaintiffs were not the owners of said pretended judgment. The court sustained demurrers to the fifth, seventh, eighth, ninth and eleventh pleas, and issue was joined on the others.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence a certified transcript of the record of the judgment sued on, which set out the process, pleadings, and all the proceedings in the cause, and showed (1) that the action was commenced, by summons and complaint, on the 28th September, 1882; (2) that the cause of action was a claim for damages, amounting to $398.55, on account of injury to plaintiffs' goods by water from an upper story of the house in which they were, alleged to have resulted from defendant's negligence; (3) that the summons was served on the defendant personally, on said 28th September, 1882, as shown by the sworn return of the officer who served it; (4) that an answer was filed for defendant by attorneys, December 28th, 1882, which was verified by his own oath before a notary public in New York; and (5) that judgment was rendered, Nov. 16th, 1885, as follows: "This cause being on the calendar of this court, and the issue thereof having been brought on for trial before Hon. Rufus W. Peckham, a justice of this court, and a jury, at a Circuit Court held in and

[Andrews v. Flack & Wales.]

for the county of Rensselaer, at the court-house in the city of Troy, on this 16th Nov. 1885; and the issue having been tried, and a verdict for the plaintiffs having been rendered, for the recovery of the sum of $476 and one cent, and their costs having been adjudged at $126.34; now, on motion of plaintiffs' attorneys, it is adjudged, that plaintiffs have judgment herein for the sum of $476 and one cent damages, and for their costs, $126.34, amounting in all to $602.35."

Attached to this transcript was a certificate of the clerk of said court, as follows: "I, Daniel E. Conway, clerk of the county of Rensselaer, and of the Supreme Court of New York for said county, do hereby certify and exemplify, that the foregoing transcript of proceedings in the case of F. M. Flack and P. M. Wales against Joseph E. Andrews, from pages one to eleven, inclusive, contains a true and correct transcript of all the proceedings had and done in said cause from its commencement to its conclusion; and that pages ten and eleven of said transcript contain a true copy of the judgment rendered by the Supreme Court of the State of New York for the county of Rensselaer in said cause, as all of said proceedings and judgment now appear of record and on file in the office of the said clerk of said Supreme Court for said county of Rensselaer; and I certify that, as such clerk, I am the custodian and keeper of the records and files of said Supreme Court for the county of Rensselaer, and of the seal of said court; and that the seal hereto affixed is the seal of said court. In witness whereof, I have hereunto set my hand and the seal of said Supreme Court, at Troy, N. Y., May 4th, 1889."

To the above certificate another was added, of the same date, signed by "Charles R. Ingalls, justice of the Supreme Court of the State of New York," in these words: "I, Charles R. Ingalls, a justice of the Supreme Court of the State of New York, residing at the city of Troy in said county of Rensselaer, do hereby certify, that Daniel E. Conway, whose name is signed to the foregoing certificate, is known to me, and is the clerk of said county of Rensselaer, and of the Supreme Court of said county, duly elected and sworn, and hath the keeping of all files, records and proceedings of said court for said county, and is by law the proper person to make out and certify copies of all the records and proceedings of said court; and that full faith and credit is and ought to be given to his official acts. I further certify, that the seal affixed to this exemplification and transcript, is the seal

of our Supreme Court, and that the attestation of said clerk to said transcript is in due form; that, by the Constitution of the State of New York, there is no chief justice, or chief judge of the Supreme Court of said State, but each and all of the justices of said court have concurrent jurisdiction in all parts of the State, and I am the resident justice of said court in said county of Rensselaer. And I further certify, that Hon. Rufus W. Peckham, now a judge of the Court of Appeals of New York, and no longer a justice of the Supreme Court, was one of the justices of said Supreme Court on the 16th day of November, 1885, and was presiding at and held a circuit of said court in and for said county of Rensselaer, and that said county is in the 3d judicial district of said State. Dated at Troy, N. Y.," &c.

A third certificate, signed by Governor D. B. Hill, was annexed to the foregoing, and stated "that Charles R. Ingalls, whose name is signed to the foregoing certificate, is one of the justices of the Supreme Court of the State of New York." "In connection with the transcript of the judgment, the plaintiffs offered in evidence what purported to be a transcript of certain laws of the State of New York," certified by Fred. Cook, as Secretary of State, and custodian of the State seal; which laws related to the organization and jurisdiction of the Supreme Court. The defendant objected to the admission of the transcript of the judgment as evidence, specifying sixteen grounds of objection; and to the admission of the transcript of the laws, specifying four grounds of objection. The court overruled each and all of these objections, and admitted the transcripts as evidence; and the defendant excepted.

J. M. & E. M. OLIVER, and JNO. M. CHILTON, for appellant.—(1.) The demurrers to the complaint ought to have been sustained.—*McKenzie v. Connor*, 1 Stew. 162; 3 Chitty's Pl. 10th Amer., 371; Freeman on Judgments, § 456; *Packard v. Hill*, 7 Cowen, 434. (2.) The transcript of the judgment ought not to have been admitted as evidence, for the reasons specified in the objections.—Freeman on Judgments, §§ 76-78, 409-14; 1 Greenl. Ev., §§ 501-09; 1 Johns. 289; 19 Barb. 189. (3.) The transcript of the statutes of New York ought not to have been admitted.—*Lincoln v. Battelle*, 1 Dall. 64; *Bush v. Garner*, 73 Ala. 162; *Clanton v. Barnes*, 50 Ala. 260; *Bradley v. Northern Bank*, 60 Ala. 252; *Blackman v. Dowling*, 57 Ala. 78.

[Andrews v. Flack & Wales.]

N. D. DENSON, *contra*, cited *Butcher v. Brownsville Bank*, 83 Amer. Dec. 446; *McKenzie v. Connor*, 1 Stew. 162; *Carter v. Crews*, 2 Porter, 81; *Mills v. Duryee*, 7 Cr. 481; *Maxwell v. Stewart*, 22 Wall. 77; *Johnson v. Martin*, 54 Ala. 271; *Masterson v. Gibson*, 56 Ala. 56; *Wolffe v. Eberlein*, 74 Ala. 99; *Crawford v. Simonton*, 7 Porter, 110; *Huff v. Campbell*, 1 Stew. 543; *Taylor v. Kilgore*, 33 Ala. 214; *McRae v. Stokes*, 3 Ala. 401.

CLOPTON, J.—A complaint declaring on a judgment is sufficient, in the matter of description, when it sets forth the court in which it was rendered, the place at which the court was held, the names of the parties in favor of, and against whom it was entered, the date of its rendition, and the sum recovered. The several counts in the complaint aver these essential facts, and further, that the court which rendered the judgment had jurisdiction of the subject-matter and of the person, and that it remains unsatisfied. Formerly it was the practice to set forth the proceedings in which the judgment was recovered, but this practice has become obsolete, and is not in accord with the present system of pleading, which disfavors unnecessary prolixity. The complaint sets forth a substantial cause of action, with sufficient certainty. *O'Neal v. Kittridge*, 3 Allen, 470.

A complaint which consists of one count only, in which the sum claimed is variant or contradictory, is obnoxious to demurrer; but, when it consists of two or more counts, the different counts may vary the descriptive allegations of the cause of action.

It has been long settled, that *nil debet* is not, of itself, a good plea to an action on a judgment rendered in the court of another State. *Nul tiel record* is the only proper general issue in such action. If, however, the court rendering the judgment did not have jurisdiction, it is absolutely void, and in such case, a special plea in bar, going to matters anterior to its rendition, may be interposed.—*Hunt v. Mayfield*, 2 Stew. 124.

The judgment sued on was rendered in the Supreme Court of New York for the county of Rensselaer, and the transcript is attested by the clerk, and certified by a justice of that court. When this case was before us on a former appeal, we held that the transcript showed all the requisites of a valid judgment, with sufficient certainty. No objection was then made, as is now done, on the ground that it was not

[Conner & Wife v. Smith.]

properly authenticated. The act of Congress does not require that the attestation of the clerk shall be in the form used in the courts of the State where it is proposed to be introduced in evidence, but according to the form prescribed for the court in which the judgment was rendered. The certificate of the judge, that the clerk's attestation is in "due form," is conclusive evidence thereof.—*McRae v. Stokes*, 3 Ala. 401. The justice of the court certifies, that the attestation of the clerk is in "due form." He further certifies that there is no Chief Justice of that court, but that all the Justices have concurrent jurisdiction in all parts of the State, and that he is the resident Justice of that court in the county of Rensselaer. The organization of the court is also shown by the laws of New York introduced in evidence. When by the organization of the court there is no Chief Justice, one of the Justices, from the necessity of the case, has authority to make the requisite certificate; and this is a substantial compliance with the act of Congress.—*Woodley v. Findlay*, 9 Ala. 716. The certificate by the Governor is unnecessary, and superfluous.

There is nothing in the other objections urged to the authentication of the transcript, or in the objections to the attestation of the laws of New York.

Affirmed.