(99 South. 301)

CRIMM v. CRIMM. (6 Div. 924.)

(Supreme Court of Alabama. Feb. 7, 1924.)

**1. Equity ⬥322—Amendment to bill should be served on defendant or attorney.**

Under Gen. Acts 1915, p. 705, a copy of an amendment to a bill for divorce should have been served on the respondent or his solicitor of record, and the respondent should have been required to answer within 20 days thereafter, and, it appearing that no notice of amendment was given as required by law, the cause was not ready for submission six days after 'the filing of the amendment.

**2. Equity ⬥321—No waiver of notice of amendment by one not present.**

Service of notice of amendment of bill under Gen. Acts 1915, p. 705, was not waived by respondent, who was not present and did not join in the submission of the cause.

**3. Divorce ⬥328—Decree of divorce without personal service of process entitled to full faith and credit.**

The courts of the state of the last matrimonial domicile may grant a decree of divorce without personal service of process upon, or appearance of, defendant therein, where service of process is made in accordance with the laws of that state, and such a decree is entitled to full faith and credit in the courts of all the states of the Union, but where the state of plaintiff's domicile is not also the matrimonial domicile, the decree of divorce based upon substituted service, and without personal jurisdiction over defendant, although enforceable in the jurisdiction where rendered, is not entitled to obligatory enforcement in other states.

**4. Divorce ⬥328—Decree of divorce on substituted service generally recognized on principle of comity.**

A decree of divorce, based upon substituted service and without personal jurisdiction over defendant in a state where plaintiff's domicile is not also the matrimonial domicile, is generally recognized as valid and binding in other states, when it does not contravene good morals, or public policy, on principles of comity.

**5. Divorce ⬥327—Decree not recognized which would not support domestic judgment.**

Rules of comity do not require the courts of Alabama to recognize as valid a judgment of divorce of a sister state, on a showing of jurisdiction which would not support a domestic judgment of the same character.

**6. Divorce ⬥57, 168—Jurisdiction vested in courts of equity; jurisdiction must affirmatively appear.**

Jurisdiction of divorce is vested in courts of equity by statute, and as to that subject they are courts of special and limited jurisdiction, and the existence of jurisdictional facts will

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[2] 210 Ala. 185. [3] Post, p. 74.

not be inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record.

**7. Divorce**  ☞328—**Certified transcript of Georgia decree of divorce held not sufficient to show valid decree.**

In a divorce action in Alabama, a certified transcript showing merely two successive verdicts of a jury in another state, that "sufficient proofs had been submitted to them to authorize a total divorce upon legal principles between the parties," and a decree of total divorce rendered by the court on those verdicts, the nature of the complaint and the grounds of divorce, and the fact that the court had acquired jurisdiction of the cause or the parties, not appearing, was in itself insufficient to show a valid decree of divorce between the parties.

**8. Divorce**  ☞109, 168—**Burden of proof on respondent to show former decree of divorce; how alleged prior divorce may be attacked stated.**

In action for divorce, the burden of proof was on respondent to show a former decree of divorce prima facie valid, and until this was done it was not necessary for complainant to either allege or prove invalidity of the former decree, but, when respondent has exhibited a decree which is prima facie valid, complainant must impeach it by appropriate allegation and proof, and, with respect to jurisdiction, the recitals of the decree may be impeached by extrinsic evidence.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Bill in equity by Hommie A. P. Crimm against John T. Crimm for divorce. From a decree for complainant, respondent appeals. Reversed and remanded.

F. F. Windham, of Tuscaloosa, and P. B. Traweek, of Elba, for appellant.

Divorce terminates all marital rights of the parties. Downey v. Downey, 98 Ala. 373, 13 South. 412, 21 L. R. A. 677; McLaughlin v. McLaughlin, 202 Ala. 16, 79 South. 354; Jones v. Jones, 95 Ala. 443, 11 South. 11, 18 L. R. A. 95; Boykin v. Rain, 28 Ala. 332, 65 Am. Dec. 349. Courts of this state will presume that the courts of another state had jurisdiction in rendering a decree of divorce. Thompson v. Thompson, 91 Ala. 591, 8 South. 419, 11 L. R. A. 443; Thompson v. State, 28 Ala. 12; McFaddin v. McFaddin, 134 Ala. 337, 32 South. 719; Joseph Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 South. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718; Forbes v. State, 187 Ala. 71, 65 South. 516; Slaughter v. Cunningham, 24 Ala. 260, 60 Am. Dec. 463; McLendon v. Dodge & McKay, 32 Ala. 491; Dozier v Joyce, 8 Port. (Ala.) 303; Const. U. S. art. 4, § 1; Scott v. Coleman, 5 Litt. (Ky.) 349, 15 Am. Dec. 71; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785. If relief is granted on amended bill, without notice it will be reversed. Masterson v. Master-son, 32 Ala. 437; Chancery rule 40, 2 Code 1907, p. 1539; Code 1907, § 3126; Holley v. Bass' Adm'r, 63 Ala. 387; McClenny v. Ward, 80 Ala. 244.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. Appellant's chief contentions are (1) that the amendment to the bill was without notice to respondent, and as to it there was neither answer nor decree pro confesso, wherefore the submission for final decree was premature and erroneous; and (2) that the decree granting a divorce to complainant was erroneous, because it appeared that a valid divorce a vinculo matrimonii was granted to him against complainant by the superior court of Fulton county, Ga., on November 29, 1920.

[1, 2] Under the Act of September 22, 1915 (Gen. Acts 1915, p. 705), a copy of the amendment to the bill of complaint should have been served on the respondent, or his solicitor of record, and the respondent should have been required to answer within 20 days thereafter. It does not appear that any notice of this amendment was given as required by law, and very clearly the cause was not ready for submission at the time it was submitted by the complainant—6 days after the filing of the amendment. Respondent was not present and did not join in the submission of the cause, and hence did not waive his right to have notice, and to make further answer and proof.

[3] We deem it advisable, however, to state the principles of law which are applicable to the decree of divorce by the Georgia court, exhibited by respondent as a bar to the relief sought by the bill of complaint.

"The Supreme Court of the United States has now definitely decided that the courts of the state of the last matrimonial domicile may grant a decree of divorce without personal service of process upon, or the appearance of, defendant therein, where service of process is made in accordance with the laws of that state, and that such a decree is entitled to full faith and credit in the courts of all the states of the Union." 19 Corp. Jur. 373 (§ 841); Thompson v. Thompson, 226 U. S. 551, 561, 33 Sup. Ct. 129, 57 L. Ed. 347; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Id., 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650.

But the same text, supported by the same authority, correctly states that—

"Where the state of plaintiff's domicile is not also the matrimonial domicile, a decree of divorce based upon substituted service and without personal jurisdiction over defendant, although enforceable in the jurisdiction where

rendered, is not entitled to obligatory enforcement in other states in virtue of the full faith and credit clause of the federal Constitution."

[4, 5] But, on principles of comity, such decrees are generally recognized as valid and binding in other states, when they do not contravene good morals or public policy. 19 Corp. Jur. 374 (§ 841); 9 R. C. L. 516, § 337. An excellent discussion of the rationale and practice of this comity will be found in Joyner v. Joyner, 131 Ga. 217, 62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. Rep. 220. In Alabama this rule of comity undoubtedly prevails, but it does not require the courts of this state to recognize as valid a judgment of a sister state on a showing of jurisdiction which would not support a domestic judgment of the same character.

[6, 7] The jurisdiction of divorce is vested in courts of equity by statute, and as to that subject they are courts of special and limited jurisdiction. Martin v. Martin, 173 Ala. 106, 55 South. 632; 9 R. C. L. 396, § 190. In Martin v. Martin, supra, it was said that—

"With respect to the judicial acts of courts exercising special and limited jurisdiction, the existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record."

In Foster v. Glazener, 27 Ala. 391, this court considered the validity of a summary judgment rendered by the superior court of Forsyth county, Ga., the transcript of which did not show that court had obtained jurisdiction of either the person or property of Glazener. It was there said:

"But it may be said, that the superior court of Georgia is one of general jurisdiction, and every intendment is to be made in favor of the jurisdiction of such court, and of the regularity of its proceedings; that its proceedings are to be deemed valid, until its jurisdiction is disproved by the party resisting them. This proposition may be conceded, and yet the appellant can take no benefit from it, for the reason that, although the court is one of general jurisdiction, its powers respecting the subject-matter of adjudication are special and limited; and in respect of such extraordinary jurisdiction, which is in derogation of the common law, and summary in its character, the court is placed upon the same footing with a court of special and limited jurisdiction."

Applying the principle stated to the case in hand, the court further observed:

"By the statute law of Georgia, the superior court has power and authority given it 'to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are or may have been customary and according to law and equity.' What were the rules and precautions which were customary, and which accorded with law and equity? We are not informed by this record. It is clear that no person ought to be bound by any judicial proceeding, to which he was neither a party nor privy, and against which he had no opportunity afforded him to defend. This would be against the course of the common law; and, if any statute existed, contravening this provision, or any rule, authorizing the court to proceed in a matter so vitally affecting the interest of a party, without notice, or upon publication, the statute, or rule of court, should have been shown; otherwise we must presume the common law obtains, and hold the proceeding void for want of jurisdiction of the person. We cannot, from this record, ascertain what the local law was, which prescribed the mode for procedure; and hence are unable to see that the law has been pursued. Tested by the law which we must presume applied, the proceedings are void for want of notice."

The case of Johnson v. Johnson, 182 Ala. 376, 383, 384, 62 South. 706, does not qualify the principle of those cases, since it holds merely that, on collateral attack, when the record shows that this jurisdiction has been invoked by an appropriate complaint, and that jurisdiction of the parties has been properly acquired—

"the subsequent action of the court thereon is of the same dignity and subject to the same supporting presumptions of regularity and legal propriety as if the cause were one within its original and general jurisdiction."

The certified transcript exhibited by the respondent in this cause for the purpose of defeating the decree of divorce sought by the complainant, by showing that the marriage relation pre-existing between them had been already terminated, shows merely two successive verdicts of a jury that "sufficient proofs had been submitted" to them to authorize a total divorce "upon legal principles between the parties," and a decree of total divorce rendered by the court on those verdicts. The certificate of the clerk shows that the decree was rendered by the superior court of Fulton county, Ga.

The nature of the complaint and the ground of divorce do not appear, nor is there anything to show that the court had acquired jurisdiction of the cause or of the parties—the decree being wholly silent as to this, and no other part of the record being exhibited. The showings are therefore very different from those held sufficient to uphold a Kansas decree of divorce in the case of Joyner v. Joyner, 131 Ga. 217, 62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. Rep. 220.

In those cases where the validity and effect of the foreign decree are within the protection of the "full faith and credit" clause of the federal Constitution, the rule of course is different, and—

"when a properly authenticated judgment of a sister state is presented to a court of this state, and a want of jurisdiction in the court of the sister state to render the judgment so authenticated does not appear upon the face of the properly certified transcript, it will be presumed prima facie that the court rendering such judgment had complete jurisdiction to do

so." Forbes v. Davis, 187 Ala. 71, 74, 65 South. 516, 517, citing the earlier cases.

Later cases to the same effect are McFaddin v. McFaddin, 134 Ala. 337, 32 South. 719, and McLaughlin v. McLaughlin, 202 Ala. 16, 79 South. 354.

On the foregoing principles we hold that the certified transcript of the Georgia decree was in itself insufficient to show a valid decree of divorce between these parties; and, being unsupported by other appropriate and essential record evidence, was properly disregarded by the trial court. In that view of the case, no irregularity intervening, the decree of divorce in favor of complainant would have been affirmed.

[8] With respect to the burden of proof, it is to be observed that it is for respondent to show a decree of divorce prima facie valid. Until that is done, it is not necessary for complainant to either allege or prove its invalidity. But when respondent has exhibited a decree which is prima facie valid, complainant must impeach it by appropriate allegation and proof; and, with respect to jurisdiction, the recitals of the decree may be impeached by extrinsic evidence. Kingsbury v. Yniestra, Adm'r, 59 Ala. 320; Ingram v. Ingram, 143 Ala. 129, 42 South. 24, 111 Am. St. Rep. 31; 19 Corp. Jur. 375 (§§ 845–847).

Other questions may arise upon this issue, but we will not attempt to anticipate.

For the errors first above noted, the decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.