428 So.2d 96 (1983)
John W. WILLIAMS, Jr., as Assignee of Paul J. Williams
v.
Charles I. NASH.
Civ. 3440.
Court of Civil Appeals of Alabama.
March 2, 1983.
*97 Rufus E. Elliott, III of Williams & Elliott, Birmingham, for appellant.
Patrick H. Boone of Perdue, Johnson, Boone & Johnson, Birmingham, for appellee.
BRADLEY, Judge.
This appeal arises out of litigation which had its origin in California in connection with a gold mine and the purpose of which was to determine ownership and rights in the California mining property. Among the parties to that action was H & H Mining and Mineral Company, Inc., of which Charles I. Nash, appellee herein, was secretary. The California action was settled by the signing of a consent judgment and a subsequent agreement which, among other things, created a fee for Paul J. Williams, a Nevada attorney who represented various interests in the action. Thereafter, on April 24, 1981, Paul J. Williams filed a suit against Nash in Nevada in which he sought to collect his attorney's fee and expenses from the California action. Nash was served in Birmingham by a deputy from the Jefferson County Sheriff's Department, and a default judgment was entered against him after he failed to file a responsive pleading or make an appearance in the Nevada court. The decree awarded Paul J. Williams $4,792.71 as attorney's fees and expenses from the California litigation and an additional fee of $1,500 in connection with the Nevada action. Paul J. Williams then assigned his Nevada judgment to Birmingham attorney John W. Williams, Jr., appellant herein, for collection. It is out of Williams's unsuccessful effort to have the Nevada judgment enforced in Jefferson County Circuit Court that the instant appeal comes before this court.
The essential matter for our consideration surrounds the motion to dismiss and amendments thereto made by Nash in response to Williams's complaint to collect the Nevada judgment. After Williams filed a complaint seeking $7,280.10, Nash responded with a motion to dismiss for failure to state a claim upon which relief could be granted. He subsequently filed a verified amendment to his motion which stated that the Nevada court lacked personal jurisdiction over him and thereafter filed a second verified amendment which sought dismissal of the action on the bases of lack of personal jurisdiction in the Nevada court and res judicata. Following an ore tenus hearing, the trial court granted Nash's motion on ground of lack of personal jurisdiction in the Nevada action, and Williams has appealed to this court.
In his brief and in argument, Williams urges us to reverse the trial court's decision to grant Nash's motion to dismiss, claiming that when the court heard oral testimony, it converted the motion to dismiss under rule 12(b)(6), Alabama Rules of Civil Procedure, *98 into a motion for summary judgment and that it failed to give him proper notice of the conversion. The gist of his argument is focused on language in rule 12(b), A.R. Civ.P., which states:
"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Williams further cites Hales v. First National Bank, 380 So.2d 797 (Ala.1980), where the supreme court held that when a motion under rule 12(b)(6), A.R.Civ.P., is converted by the trial court through consideration of matters outside of the pleadings into a motion for summary judgment, the nonmoving party must be given notice of the trial court's intentions. Nash responds to this position by arguing that his motion was not a rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted but was instead a motion under rule 12(b)(2), A.R.Civ.P., on the ground that the Nevada court lacked personal jurisdiction over him at the time that the default judgment was entered. He further contends that the hearing was properly conducted under rule 43(e), A.R.Civ.P., and Williams was due no special notification of the trial court's intention to convert since no conversion, in fact, occurred. While we readily agree with Williams's statement of the law in regard to notice requirements when a rule 12(b)(6) motion is converted into a motion for summary judgment and also agree that the trial court's decision to grant Nash's motion was erroneous, we disagree with the logic of his position for the reasons stated below.
Article IV, section 1 of the United States Constitution demands that a judgment rendered in a sister state be given full faith and credit in Alabama. We have held, however, that lack of jurisdiction over the person of the defendant by the foreign court rendering the decision is a bar to its enforcement in this state. Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App.1981). Our courts have also held that there is a strong presumption that proper personal jurisdiction existed in the foreign court at the time of the decision and that the party seeking to challenge jurisdiction bears a heavy burden of proof. Hajovsky v. Hajovsky, 267 Ala. 77, 159 So.2d 194 (1963).
The issue raised by the parties to this appeal concerns the proper procedural method for testing whether the out-of-state court had personal jurisdiction in the face of a decree which recites that the defendant was properly served. Appellee Nash contends that his motion, in substance if not in form, was a motion under rule 12(b)(2) which sought dismissal of the complaint because the Nevada court lacked jurisdiction over him at the time of its judgment. Williams takes the position that, in substance and in form, Nash's motion to dismiss was filed under rule 12(b)(6) as a motion to dismiss for failure to state a claim upon which relief could be granted. He further says that when the trial court heard testimony and considered other matters outside of his pleading, that it converted the motion to dismiss into a motion for summary judgment. As a result of lack of notification, he says that he was deprived of an ability to present materials to prevent summary judgment from being entered against him.
Looking more closely at the matters in Nash's motion, we find that the materials therein raise an affirmative defense and should have been raised in an answer under rule 8(c), A.R.Civ.P., rather than by a motion under rule 12(b). By definition, modern affirmative defenses stem from "the common law plea in `confession and avoidance,' which permitted a defendant who was willing to admit that plaintiff's declaration demonstrated a prima facie case to then go on and allege additional new material that would defeat plaintiff's otherwise valid cause of action." 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil *99 § 1270 (1969) (footnote omitted). This is, in essence, what Nash has attempted to do by his motion. He has stated that the Nevada judgment is enforceable against him in an Alabama court but for the fact that the Nevada court lacked jurisdiction over him. Nash has admitted in his motion that Williams has a "prima facie case" but has also alleged "additional new material that would defeat plaintiff's otherwise valid cause of action." Further, Wright and Miller state that in making the determination as to what constitutes an affirmative defense "[a]nother highly relevant consideration is whether plaintiff will be taken by surprise by the assertion at trial of a defense not pleaded." 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1271 (1969). In raising the defense of lack of personal jurisdiction in the Nevada court, Nash has asserted an issue which does not appear on the face of William's complaint. A reading of Williams's pleadings would serve to indicate that jurisdiction in the Nevada court had been validly obtained. No information contained therein indicated facts which would show that Nash could assert as an absolute bar to his liability a claim that he had been improperly served in Birmingham and that he lacked sufficient contacts with the state of Nevada to make personal jurisdiction valid. In fact, a proper examination of this disputed fact issue would require the trial court to hear evidence not contained in Williams's original complaint; and, thus, a failure to plead the matter affirmatively could lead to surprise and unfair prejudice to Williams. The strict rules surrounding the pleading of affirmative defenses are aimed at avoiding just such a situation as this. Our decision that Nash has raised an affirmative defense is strengthened by the supreme court's holding in McAlister v. McAlister, 214 Ala. 345, 107 So. 843 (Ala. 1926), where it said:
"The presumption in favor of a foreign judgment, that the rendering court had jurisdiction of the parties defendant, may be contradicted by extrinsic evidence. Kingsbury v. Yniestra, 59 Ala. 320; Crimm v. Crimm, 99 So. 301, 211 Ala. 13; 19 Corp.Jur. 375, § 845. But, in order to make such evidence available, the facts showing a want of jurisdiction must be specially pleaded. Andrews v. Flack, 6 So. 907, 88 Ala. 294; Hunt v. Mayfield, 2 Stew. 124; Crimm v. Crimm, supra; 34 Corp.Jur. 1120, § 1593." (Emphasis supplied.)
Having determined that Nash has attempted to raise an affirmative defense by the materials in his motion, we look to the Alabama Rules of Civil Procedure for the proper method of pleading such a defense. The language of rule 8(c), as quoted below, provides the answer:
"(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense." (Emphasis supplied.)
The matters raised in Nash's motion, since they were an affirmative defense, should have been raised by his answer to Williams's complaint. Our supreme court has taken the strict view that an affirmative defense can be raised by motion only where the face of the complaint shows that the defense is a bar to the action. In those instances in which the face of the complaint fails to show that the action is barred by the affirmative defense, it may not be raised by a rule 12(b), A.R.Civ.P., motion but must be raised by an answer under rule 8(c), A.R.Civ.P. In Sims v. Lewis, 374 So.2d 298 (Ala.1979), the court said:
"The courts seem now to agree that limitations and laches may indeed be raised on a 12(b)(6) motion where the face of the complaint shows that the claim is barred by the statute of limitations, and/or laches, [5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1277 (1969)]; see McGruder v. B. & L. Construction Company, Inc., 293 Ala. 354, 303 *100 So.2d 103 (1974). We hold that while the defenses of laches or limitations should be presented in a pleading to a preceding pleading, both may be properly raised via the 12(b)(6) motion where the face of the complaint shows that the claim is barred."
Wright and Miller state that the rationale for this rule is found in the fact that the pleadings under federal rules practice are designed merely to provide notice of the claims and defenses which will later be involved in the trial. It is based on the view that the pleading stages of litigation should not be turned into "little trials." Motions under rule 12(b)(6) then should not deal with matters which are outside the complaint. 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1277 (1969).
In the instant case the face of the complaint failed to show that the claim was barred. A look at the Nevada decree alone would lead to the belief that personal jurisdiction was proper. Thus, Nash improperly attempted to raise this affirmative defense by motion. He should have raised the defense of lack of personal jurisdiction in the Nevada court "in a pleading to a preceding pleading"i.e., his answer.
The dissenting opinion advances the position that lack of personal jurisdiction in the Nevada court should be considered to be a matter of subject matter jurisdiction in the Alabama court. It cites authority, with which we readily agree, that questions of subject matter jurisdiction should be considered at the threshold and that matters outside the pleadings may be considered in connection with this issue. This reasoning is grounded on considerations of judicial economy and basic considerations of fairness in not making the defendant wait until trial to raise a jurisdictional challenge. In raising this issue Nash was relying on a defense which goes to the merits of the action. It is not the kind of plea which questions that the Alabama court lacked jurisdiction over any aspect of the case, either because of the lack of subject matter jurisdiction or the absence of personal jurisdiction. Since Nash has raised an issue which goes to the merits of the actioni.e. an affirmative defensewe are constrained to follow our supreme court's decision in Sims v. Lewis, supra, which demands that an affirmative defense be raised by an answer under rule 8(c), A.R.Civ.P. This strict view of the distinction between pleadings and motions where the matter challenged is not clear from the face of the complaint outweighs matters of judicial economy. Nor do we find it unfair to require a defendant to comply with the rules relating to a defense he has raised.
Any elements of delay which may accrue to Nash or to other defendants in a similar position can be eliminated by filing a motion for summary judgment under rule 56, A.R.Civ.P. What Williams has complained about in the instant case and what the strict view of the difference between motions and pleadings under Sims v. Lewis, supra, is aimed at avoiding is insufficient notice to counsel and the parties as to what manner of hearing will be held. It is only logical that a lawyer will prepare differently for a hearing on a 12(b) motion and a hearing or a trial at which issues will be adjudicated. In the instant case Williams claims, and we agree, that he was deprived of proper notice and the opportunity to prepare when the trial court dealt with matters outside the pleadings in its hearing on the purported 12(b) motion. Allowing the parties to proceed through the proper channels to summary judgment under rule 56, A.R.Civ.P., if appropriate, insures that due notice is given to all parties of the type of hearing which will be held and the issues involved. The defendant will thus be given the opportunity to avoid a full trial on the merits if his motion for summary judgment and supporting affidavits or evidence so indicate. Should the avenue of summary judgment under rule 56 not be available, we feel that the supreme court's decision in Sims v. Lewis, supra, requires that an answer be filed under rule 8(c), A.R.Civ.P.
For the foregoing reasons we find that the trial court improperly granted Nash's motion to dismiss, and its decision is reversed.
REVERSED AND REMANDED.
*101 HOLMES, J., concurs.
WRIGHT, P.J., dissents.
WRIGHT, Presiding Judge, dissenting.
I respectfully dissent.
I disagree with the view that the matter of jurisdiction of the Nevada court raised in the motion to dismiss may only be addressed by answer as an affirmative defense.
Though couched in general terms as one of jurisdiction, the issue presented by the motion and specifically defined therein and at the hearing, was the validity of the Nevada judgment for lack of personal jurisdiction of the defendant. The subject of the action in this case is the Nevada judgment. The motion therefore is one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), A.R.Civ.P. As stated in C. Wright & A. Miller, Federal Practice and Procedure § 1350 (West 1969): "Because of the importance of the Rule 12(b)(1) defense, courts should treat an improperly identified motion that actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point."
Our courts, since the decision in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), have held a foreign judgment rendered without jurisdiction of either person or property is void and incapable of enforcement in the courts of this state. Wheeler v. Simmons, 281 Ala. 606, 206 So.2d 854 (1968). A court may inquire into the basis of its subject matter jurisdiction at any stage of the trial. Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir.1980). Herein involved is a factual attack on the court's subject matter jurisdiction, and matters outside the pleadings may be considered. Id. "Moreover, a `factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." Id. at 511. An evidentiary hearing may be required on the motion. Oxaca v. Roscoe, 641 F.2d 386 (5th Cir.1981).
Judicial economy requires that the court's jurisdiction be treated as a threshold determination. If the allegations of the complaint do not survive a jurisdictional attack, there is no jurisdiction to consider any other matters. Menchaca, supra. The majority position forces a defendant to defend himself through an entire trial against an invalid judgment.
It should be pointed out that, as in Menchaca, the plaintiff had every opportunity to convince the court that the previous judgment was valid. The last amendment, with exhibits, to the motion to dismiss was filed and set for hearing more than one and one-half months before it was heard. The issue of the jurisdiction of the Nevada court to render the judgment sued on was first raised by amendment to the original motion to dismiss filed more than ninety days before the hearing of the motion. Plaintiff, though appearing, cross-examining defendant and arguing, presented no evidence or testimony at the hearing. The record reveals no objection to the procedure of hearing the motion. Counsel for plaintiff recognized by statement at the hearing that the jurisdiction of the Nevada court was the issue before the court. There has been no issue of the correctness of the procedure raised on appeal. This court has raised it ex mero motu. The effect of the decision of the majority not only ignores the waiver of procedural incorrectnessif any, but it returns us to requirement of procedural technicality which the rules are stated to have removed. I can see no valid reason for causing this defendant the further expense of again challenging the Nevada court's lack of jurisdiction.
The majority relies on the authority of Sims v. Lewis, 374 So.2d 298 (Ala.1979). I believe that reliance to be misplaced. There are distinct differences between Sims and this case. The primary difference is that the motion to dismiss, which was determined on appeal to be a 12(b)(6) motion converted to a motion for summary judgment, was not filed until after an answer and a motion for summary judgment. The defenses subsequently attempted to be raised by the 12(b)(6) motion were those of statute of limitations and laches, both affirmative *102 defenses subject to waiver if not raised by answer. The second difference in Sims is the fact that the motion there was under 12(b)(6) and the matters raised were not evident on the face of the complaint. The motion in this case, as amended and heard, was a 12(b)(1) challenging the validity of the subject of the actionthe foreign judgment. Such challengecontrary to an affirmative defenseplaces the burden of establishing jurisdiction upon the plaintiff rather than the movant. Menchaca, supra.
I reiterate that the decision of the majority is a long step along the path of returning to strict rules of pleading.
I would affirm the trial court.