EDWARD N. SCRUGGS, Retired Circuit Judge.
On June 30, 1983, Ms. Cottrell, the mother of an illegitimate child, sought child support from the defendant, Mr. Williams.
The defendant, who had executed a written notarized acknowledgment on August 4, 1980, that he was the father of the child, filed a motion to set that paternity admission aside. He averred that he was coerced into signing it by the Department of Pensions and Security, that he did not understand all of the legal ramifications of it and that the notary public who took his acknowledgment to that instrument did not have personal knowledge of the defendant’s identity. The trial court overruled that motion without an evidentiary hearing. After the circuit court tried the support case upon its merits, the unemployed defendant was ordered to pay $5 per month for child support. The defendant’s sole contention on appeal is that the trial court erred in overruling his motion.
*924 This litigation is civil in nature and is governed by the Alabama Rules of Civil Procedure. Miller v. State, 403 So.2d 247 (Ala.Civ.App.1981).
We faced difficulty in placing the defendant’s motion in any authorized civil pleading pigeonhole.
It is not a rule 60(b) motion because it does not seek to relieve the defendant from any order, judgment or proceeding of any court. For that same reason and because no fraud was alleged to have been committed upon the trial court and since it was not filed as a separate proceeding, the motion was not an independent action.
The complaint itself does not indicate that the relief sought by the mother was barred by an affirmative defense. The defendant’s affidavit whereby he acknowledged his fatherhood of the child is attached to the mother’s child support complaint, and it is factually very much at variance with the defendant’s own sworn motion. The motion averred facts beyond the pleadings. Therefore, the case could not be disposed of by a rule 12(b)(6) motion to dismiss. Williams v. Nash, 428 So.2d 96 (Ala.Civ.App.1983).
However, because the sworn motion of the defendant did present matters outside of the pleadings, the motion might be considered as one for a summary judgment. Rule 12(b), A.R.Civ.P. Even then, however, the defendant could not prevail because it appears from the defendant’s own affidavit of parenthood of the child and from his subsequent sworn motion that those two sworn instruments of the defendant differ greatly as to the facts and that factual disputes are thereby mutually created. A motion for a summary judgment must not be granted if there is a scintilla of evidence supporting the position of the non-movant. Speigle v. Lott, 423 So.2d 163 (Ala.1982).
In short, the trial court correctly overruled the defendant’s motion.
The facts which were attempted to be presented by the motion clearly constituted issues which could have been raised as affirmative defenses under rule 8(c). Williams v. Nash, 428 So.2d 96 (Ala.Civ.App.1983). After the trial court overruled the motion, the defendant had the right to file an answer alleging those same grounds as affirmative defenses, but he filed no answer to the mother’s complaint. Since those issues were raised by a motion which was correctly overruled by the trial court and because the affirmative defenses were not thereafter pleaded by answer, all such defenses were waived. Lovejoy v. Franklin, 426 So.2d 841 (Ala.Civ.App.1983); Miller v. Brown-Fikes Ford, Inc., 370 So.2d 1052 (Ala.Civ.App.1979). There is no contention that any of these affirmative defenses were tried upon the merits by the express or implied consent of the parties under rule 15(b). The evidence which was presented to the trial court upon the merits is not before this court, and we must presume that it was adequate to support the trial court’s final judgment. Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App.1982).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.